[No. C036154. Third Dist. June 28, 2001.]

CARLA R. DUDLEY, Plaintiff and Appellant, v.
DEPARTMENT OF TRANSPORTATION, Defendant and Respondent.

### COUNSEL

Martinez-Senftner Law Firm, Gloria P. Martinez-Senftner and Jonathan Regent Tyrell for Plaintiff and Appellant.

Bruce A. Behrens, Breland C. Gowan, Daniel Muallem, Cheryl D. McNulty and Navtej S. Bassi for Defendant and Respondent.

### OPINION

**NICHOLSON, J.**—Plaintiff Carla R. Dudley (hereafter Dudley) appeals from a judgment on the pleadings in favor of her former employer, defendant Department of Transportation (hereafter Caltrans). Dudley contends her complaint states, or could be amended to state, facts sufficient to constitute a cause of action against Caltrans for retaliating against her for taking medical leave, in violation of the Moore-Brown-Roberti Family Rights Act (Gov. Code, §§ 12945.1, 12945.2, hereafter CFRA). We agree that Dudley's complaint could be amended to state a retaliation claim under CFRA and accordingly reverse the judgment.

### PROCEDURAL HISTORY

In December 1997, Dudley filed a complaint in federal court alleging, among other things, disability discrimination by her former employer, Caltrans, in violation of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq., hereafter ADA) and the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq., hereafter FEHA). Dudley asserted she was diagnosed with diabetes in August 1996 and that Caltrans had failed to reasonably accommodate her disability, resulting in the termination of her employment in June 1997.

In March 1999, the federal district court granted summary judgment in favor of Caltrans on Dudley's ADA claim. The court concluded that because

of her frequent absences from work Dudley could not have performed the essential functions of her job as a supervisor even with reasonable accommodation and therefore could not prevail on her claim of disability discrimination under the ADA. The court declined to exercise supplemental jurisdiction over Dudley's state law claim of disability discrimination under FEHA. Dudley appealed the judgment against her on her ADA claim to the United States Court of Appeals for the Ninth Circuit.

Meanwhile, in April 1999, Dudley pursued her FEHA claim in state court by filing a complaint against Caltrans for "Violation of the California Fair Employment and Housing Act."[1] In that complaint, Dudley reiterated the allegations she had made in federal court. As relevant here, Dudley alleged she had worked for Caltrans since approximately 1982 and had been promoted to supervisor in January 1996. In mid-1996, she began having health problems that required her to take time off for medical appointments, testing, and treatments. Her own supervisor, James Beck, began harassing her regarding documentation of her absences. In August 1996, she was placed on "leave control," criticized for taking time off, and forced to report to a line worker regarding her attendance. According to Dudley, she was forced to account for each day of her illness in a manner not required of other employees and was threatened with disciplinary action if she failed to meet the strict requirements placed on her. Around this same time, Dudley was diagnosed with diabetes.

Dudley went on to allege that due to the ongoing harassment and discrimination against her because of her diabetes and her need for time off, she was forced to take several medical leaves of absence in an attempt to control her diabetic condition, which was being aggravated by the stressful working conditions. Following two of these leaves, she was served with "Notice(s) of Adverse Action," which resulted in a salary reduction and 10-day suspension. According to Dudley, Caltrans refused to allow her to telecommute, which she had been allowed to do as late as May 1996. In addition, a request for an alternative work schedule that would have allowed her a day off during the week to schedule her medical appointments and diabetic teaching, though initially approved, was ultimately rejected, as was a request for a change of supervisor. In December 1996, Dudley went out on leave and did not return, despite repeated requests to return to a less stressful environment with a different supervisor. Eventually, Caltrans terminated Dudley's employment in June 1997 because of her absences.

In March 2000, the Ninth Circuit affirmed the judgment of the district court in favor of Caltrans on Dudley's ADA claim. The Ninth Circuit

[1]The complaint also named an individual defendant, but Dudley later conceded that her FEHA claim against the individual was barred by the statute of limitations and should be dismissed on that basis.

concluded that Dudley had failed to demonstrate she was qualified under the ADA because "no rational trier of fact could conclude Dudley would have been able to perform her duties while absent." Shortly thereafter, Caltrans moved for judgment on the pleadings in this action, asserting that under the doctrine of res judicata the federal court judgment against Dudley on her ADA claim precluded her from further litigating her claim of disability discrimination under FEHA. In opposing the motion, Dudley argued that a federal court summary judgment does not have preclusive effect. The trial court disagreed and granted the Caltrans motion "without leave to amend on the ground the complaint fails to state a cause of action as it is barred due to issue preclusion." The court subsequently entered a judgment of dismissal, from which Dudley appeals.

## DISCUSSION

By not arguing otherwise, Dudley concedes on appeal that her cause of action for disability discrimination under FEHA was barred because of the preclusive effect of the federal court summary judgment on her ADA claim. (See, e.g., *Acuña v. Regents of University of California* (1997) 56 Cal.App.4th 639 [65 Cal.Rptr.2d 388].) She contends, however, that her complaint alleges, or could be amended to allege, a valid cause of action for retaliation in violation of CFRA. Caltrans contends Dudley "cannot assert a new theory of liability for the first time on appeal" and therefore is prohibited from arguing before this court that her complaint states, or could be amended to state, a cause of action under CFRA. Caltrans is mistaken.

"When a demurrer is sustained without leave to amend the petitioner may advance on appeal a new legal theory why the allegations of the petition state a cause of action." (*20th Century Ins. Co. v. Quackenbush* (1998) 64 Cal.App.4th 135, 139 fn. 3 [75 Cal.Rptr.2d 113].) This is so because of the general rule that " 'a litigant may raise for the first time on appeal a pure question of law which is presented by undisputed facts.' " (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959 [230 Cal.Rptr. 192], quoting *Hale v. Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].) The same rule applies to a motion for judgment on the pleadings. "[A] motion for judgment on the pleadings is the functional equivalent of a general demurrer. . . . Indeed, the only significant difference between the two motions is in their timing." (*People v. $20,000 U.S. Currency* (1991) 235 Cal.App.3d 682, 691 [286 Cal.Rptr. 746].) Accordingly, an appellant challenging the granting of a motion for judgment on the pleadings "may change his or her theory on appeal [citation], and an appellate court can affirm or reverse the ruling on new grounds. [Citations.] After all, we review the validity of the ruling and not the reasons

given." (*B & P Development Corp. v. City of Saratoga, supra,* 185 Cal.App.3d at p. 959.)

Because the rules governing general demurrers apply here, the question before us is whether Dudley "has stated a cause of action under any possible legal theory." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].) Furthermore, it is an abuse of discretion to grant a motion for judgment on the pleadings without leave to amend " 'if there is any reasonable possibility that the plaintiff can state a good cause of action.' " (*Gami v. Mullikin Medical Center* (1993) 18 Cal.App.4th 870, 876-877 [22 Cal.Rptr.2d 819], quoting *Virginia G. v. ABC Unified School Dist.* (1993) 15 Cal.App.4th 1848, 1852 [19 Cal.Rptr.2d 671].) In the context of a general demurrer, "[t]o meet the plaintiff's burden of showing abuse of discretion, the plaintiff must show how the complaint can be amended to state a cause of action. [Citation.] However, such a showing need not be made in the trial court so long as it is made to the reviewing court." (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386 [272 Cal.Rptr. 387]; see Code Civ. Proc., § 472c.) "This rationale applies equally to the granting of a motion for judgment on the pleadings since it is treated as a demurrer for purposes of appeal." (*Galligan v. City of San Bruno* (1982) 132 Cal.App.3d 869, 876 [183 Cal.Rptr. 466].) Accordingly, we turn to the question whether Dudley's complaint states, or could be amended to state, facts sufficient to constitute a cause of action for retaliation in violation of CFRA.

CFRA is a portion of FEHA that provides "protections to employees needing family leave or medical leave." (*Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1, 6 [87 Cal.Rptr.2d 554].) "CFRA generally provides that it is unlawful for an employer to refuse an employee's request for up to 12 weeks of 'family care and medical leave' in a year. (Gov. Code, § 12945.2, subd. (a).) An employer is also forbidden from discharging or discriminating against an employee who requests family leave or medical leave. (Gov. Code, § 12945.2, subd. (*l*).) 'Family care and medical leave' includes '[l]eave because of an employee's own serious health condition that makes the employee unable to perform the functions of the position of that employee . . . .' (Gov. Code, § 12945.2, subd. (c)(3)(C).) 'Serious health condition' means 'an illness, injury, impairment, or physical or mental condition that involves either of the following: [¶] (A) Inpatient care in a hospital, hospice, or residential health care facility. [¶] (B) Continuing treatment or continuing supervision by a health care provider.' (Gov. Code, § 12945.2, subd. (c)(8).)" (*Gibbs v. American Airlines, Inc., supra,* 74 Cal.App.4th at p. 6.)

As relevant here, subdivision (*l*)(1) of Government Code section 12945.2 provides: "It shall be an unlawful employment practice for an employer to

refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of . . . [¶] (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)." The administrative regulations promulgated under CFRA recognize the cause of action provided for by Government Code section 12945.2, subdivision (*l*)(1) as one for "retaliation." (Cal. Code Regs., tit. 2, § 7297.7.) No California court has yet articulated the elements of a cause of action for retaliation in violation of this provision of CFRA. (See *Mora v. Chem-Tronics, Inc.* (S.D.Cal. 1998) 16 F.Supp.2d 1192, 1232.) However, several federal courts have articulated the elements of such a cause of action under the Family and Medical Leave Act of 1993 (FMLA), 29 United States Code section 2601 et seq., the federal counterpart to CFRA. (See *Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 993 [94 Cal.Rptr.2d 643] [referring to FMLA as the "federal law counterpart" of CFRA].) To make out a prima facie case of retaliation in violation of FMLA, a plaintiff must show that "(1) he availed himself of a protected right under the FMLA; (2) he was adversely affected by an employment decision; [and] (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action." (*Hodgens v. General Dynamics Corp.* (1st Cir. 1998) 144 F.3d 151, 161; *Morgan v. Hilti, Inc.* (10th Cir. 1997) 108 F.3d 1319, 1325; see also *Sharpe v. MCI Telecommunications Corp.* (E.D.N.C. 1998) 19 F.Supp.2d 483, 488; *Beno v. United Telephone Co. of Florida* (M.D.Fla. 1997) 969 F.Supp. 723, 725.)

Guided by these cases under the analogous federal statute, we conclude the elements of a cause of action for retaliation in violation of CFRA under the circumstances of this case are as follows: (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of her right to CFRA leave.[2] We shall address each of these elements in turn to determine whether Dudley's complaint states, or could be amended to state, facts sufficient to constitute a cause of action for retaliation in violation of CFRA. In doing so, we view the allegations of the complaint in the light most favorable to Dudley. (See *Settimo Associates v. Environ Systems, Inc.* (1993) 14 Cal.App.4th 842, 845, fn. 3 [17 Cal.Rptr.2d 757].)

---

[2] Subdivision (*l*)(2) of Government Code section 12945.2 makes it an unlawful employment practice for an employer to discriminate against an individual for "giving information or testimony as to his or her own family care and medical leave, or another person's family care and medical leave, in any inquiry or proceeding related to rights guaranteed under this section." As subdivision (*l*)(2) is not implicated here, we do not address the elements of a cause of action for retaliation under that provision of CFRA.

*Covered Employer*

Under CFRA, the term "employer" includes "[t]he state, and any political or civil subdivision of the state and cities." (Gov. Code, § 12945.2, subd. (c)(2)(B).) Dudley's complaint alleges her employer was Caltrans, a California public entity. Caltrans does not deny it is an employer covered by CFRA. Accordingly, Dudley has alleged the first element of a cause of action for retaliation in violation of CFRA.

*Eligible Employee*

To be eligible for CFRA leave, an employee must have "more than 12 months of service with the employer . . . ." (Gov. Code, § 12945.2, subd. (a).) Dudley's complaint alleges that when she began suffering health problems in mid-1996, she had been employed by Caltrans since 1982. Thus, Dudley has alleged the requisite year of service.

In addition to a year of service, to be eligible for CFRA leave an employee also must have "at least 1,250 hours of service with the employer during the previous 12-month period . . . ." (Gov. Code, § 12945.2, subd. (a).) The complaint does not allege that Dudley had at least 1,250 hours of service with Caltrans during any particular 12-month period. Furthermore, Caltrans contends Dudley cannot allege she was an eligible employee because "she did not work the required 1,250 hours in the 12 months preceding her termination on June 30, 1997." Caltrans's argument misapprehends the role of the eligibility requirement in a CFRA retaliation claim. The gravamen of a claim under subdivision (*l*)(1) of Government Code section 12945.2 is the employer's adverse action against the employee in retaliation for the employee's exercise of her right to CFRA leave. To prevail on such a claim, the employee must show that she was eligible to take CFRA leave, that she exercised her right to do so, and that she suffered adverse employment action as a result. Thus, the issue is not whether Dudley was eligible to take CFRA leave at the time she suffered the adverse employment action, but whether she was eligible to take CFRA leave when she took the leave that resulted in the adverse employment action. (See Cal. Code Regs., tit. 2, § 7297.0, subd. (e) [defining "eligible employee" as an employee "who has actually worked . . . for the employer at least 1,250 hours during the 12-month period immediately prior to the date the CFRA leave . . . is to commence"].) The complaint does not allege Dudley had the requisite hours of service in the 12 months before she began taking medical leave in mid-1996; however, Dudley states in her opening brief that if given the opportunity to amend, she can allege that fact. Thus, it appears Dudley's complaint can be amended to allege the second element of a cause of action for retaliation in violation of CFRA.

*Exercise of Right to Leave for Qualifying CFRA Purpose*

Under CFRA, an employer is generally required to grant an eligible employee's request to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. (Gov. Code, § 12945.2, subd. (a).) As noted above, CFRA leave may be taken "because of an employee's own serious health condition that makes the employee unable to perform the functions of the position of that employee . . . ." (Gov. Code, § 12945.2, subd. (c)(3)(C).) A "serious health condition" means "an illness, injury, impairment, or physical or mental condition" that involves either "[i]npatient care in a hospital, hospice, or residential health care facility" or "[c]ontinuing treatment or continuing supervision by a health care provider." (Gov. Code, § 12945.2, subd. (c)(8).)

██ Dudley's complaint alleges that in mid-1996 she began having health problems that required her to take time off for medical appointments, testing, and treatments. In August 1996, she was diagnosed with diabetes. Dudley's complaint further alleges she was forced to take several medical leaves of absence in an attempt to control her diabetic condition, which was being aggravated by the stressful working conditions. Finally, the complaint alleges Dudley went out on leave in December 1996, from which she did not return before her termination in June 1997.

Caltrans does not dispute that diabetes qualifies as a "serious health condition" within the meaning of CFRA. To that end, we note that the administrative regulations implementing CFRA define "serious health condition" to include any illness that involves "continuing treatment or continuing supervision by a health care provider, as detailed in FMLA and its implementing regulations." (Cal. Code Regs., tit. 2, § 7297.0, subd. (o)(2).) The federal regulations under FMLA specifically provide that "[a] serious health condition involving continuing treatment by a health care provider includes . . . : [¶] . . . [¶] (3) Any period of incapacity or treatment for such incapacity due to a chronic serious health condition." (29 C.F.R. § 825.800 (2000).) The regulations define a "chronic serious health condition" as one which "[(1)] Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider; [¶] [(2)] Continues over an extended period of time (including recurring episodes of a single underlying condition); and [¶] [(3)] May cause episodic rather than a continuing period of incapacity (e.g., asthma, *diabetes*, epilepsy, etc.)." (*Ibid.*, italics added; original italics omitted.)

From the face of the complaint, it is not clear whether any of the leave defendant took prior to the diagnosis of diabetes on August 29, 1996,

qualified as CFRA leave because it is not clear whether any of that leave was taken because of Dudley's diabetic condition or whether her condition at that time made her unable to perform the functions of her position. However, the complaint does allege that subsequently Dudley "was forced to take several medical leave of absences [*sic*] in attempts to control her diabetic condition which was being aggravated by the stressful working conditions." Construing that allegation in the light most favorable to Dudley, the complaint can be read to allege that Dudley was exercising her right to CFRA leave for a qualifying CFRA purpose—because of her own serious health condition that made her unable to perform the functions of her position—the third element of a cause of action for retaliation in violation of CFRA.

Caltrans contends Dudley cannot state a cause of action under CFRA because "[i]n the 12 months prior to her termination on June 30, 1997, Dudley took significantly over 6 months leave." That argument misses the mark. It is quite likely that Dudley exhausted any CFRA leave for which she was eligible sometime before she was terminated in June 1997, because by that point she had been off work continuously for approximately 6 months, and CFRA leave is limited to a total of 12 workweeks in any 12-month period. (Gov. Code, § 12945.2, subd. (a).) That fact, however, does not necessarily preclude Dudley from establishing that Caltrans retaliated against her in violation of CFRA. If any of the leaves Dudley took qualified as CFRA leave, and if Caltrans took any adverse employment action against Dudley because she exercised her right to take that leave, then Dudley has established a prima facie case of retaliation in violation of CFRA, regardless of whether Dudley had exhausted her CFRA leave by the time Caltrans terminated her employment.

*Resulting Adverse Employment Action*

As noted above, the gravamen of a claim under subdivision (*l*)(1) of Government Code section 12945.2 is the employer's adverse action against the employee in retaliation for the employee's exercise of her right to CFRA leave. Such adverse employment action may take the form of discharge from employment, fine, suspension, expulsion, or other adverse discriminatory actions. (Gov. Code, § 12945.2, subd. (*l*)(1).) Here, Dudley has alleged that because of the leaves of absence she took beginning in mid-1996 to address her health problems, she was criticized, subjected to leave control, and "required to account for each and every day of her illness in a manner which was not required of other employees." Furthermore, Dudley has alleged that following two leaves of absence she took to control her diabetic condition, she was served with Notices of Adverse Action, which resulted in a salary reduction and 10-day suspension. If Dudley is able to prove these allegations, Caltrans still may be able to avoid liability by establishing legitimate,

nondiscriminatory reasons for its actions. (See *Hodgens v. General Dynamics Corp.*, *supra*, 144 F.3d at pp. 160-161.) At this point, however, our sole concern is whether Dudley has stated or can state facts which, if proven true, are sufficient to constitute a cause of action for retaliation in violation of CFRA. Construed in the light most favorable to Dudley, her complaint can be read to allege that Caltrans took various forms of adverse action against her, including suspending her and reducing her salary, because she exercised her right to CFRA leave. Accordingly, Dudley has alleged the fourth element of a cause of action for retaliation in violation of CFRA.

Two arguments by Caltrans remain to be addressed.[3] First, Caltrans contends Dudley is precluded from pursuing a tort cause of action for wrongful termination in violation of public policy because there is no statute that authorizes such an action against a public entity like Caltrans. The answer to that argument is simple: Dudley does not contend her complaint states (or could be amended to state) a cause of action in tort for wrongful termination in violation of public policy. Rather, Dudley seeks to pursue a statutory claim for retaliation in violation of CFRA, which is expressly provided for in subdivision (*l*)(1) of Government Code section 12945.2. This claim for employment discrimination is independent of any common law tort claim that may or may not be available. (See, e.g., *Rojo v. Kliger* (1990) 52 Cal.3d 65, 82 [276 Cal.Rptr. 130, 801 P.2d 373] [decided under FEHA].)

Second, and finally, Caltrans argues that even if Dudley is allowed to amend her complaint to state a cause of action for retaliation in violation of CFRA, that cause of action "must be considered 'new' and since it does not 'relate back' to the filing of the federal claim on December 12, 1997, it would be barred by the applicable statute of limitations." Caltrans cites no authority in support of this argument, and on that basis alone we are entitled to disregard it. (See *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 978 [21 Cal.Rptr.2d 834].) Nevertheless, we reach Caltrans's timeliness argument and reject it on its merits.

An aggrieved person has one year from the date of issuance of a right-to-sue letter by the California Department of Fair Employment and Housing (DFEH) to bring a civil action under FEHA. (Gov. Code, § 12965, subd. (b).) Here, the record shows DFEH issued a right to sue letter to Dudley on

---

[3]At oral argument, Caltrans raised several issues it had not previously raised in its briefs. We need not consider points raised for the first time at oral argument. (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 232, fn. 6 [12 Cal.4th 344e, 45 Cal.Rptr.2d 207, 902 P.2d 225].) Accordingly, we limit ourselves to the two additional arguments from Caltrans's briefs.

January 7, 1997. Dudley timely commenced an action in federal court in December 1997. Thus, as Caltrans recognizes, the CFRA claim Dudley seeks to assert in this action is timely as long as it relates back to the filing of the federal court complaint.

"The 'relation back' doctrine focuses on factual similarity rather than rights or obligations arising from the facts, and permits added causes of action to relate back to the initial complaint so long as they arise factually from the same injury. [Citations.] A new cause of action rests upon the same set of facts when it involves the same accident and the same offending instrumentality." (*Goldman v. Wilsey Foods, Inc.* (1989) 216 Cal.App.3d 1085, 1094 [265 Cal.Rptr. 294].) Here, Dudley's cause of action for retaliation in violation of CFRA arises out of the same facts she alleged in her federal court complaint in support of her causes of action for disability discrimination in violation of the ADA and FEHA. Dudley claims, and has claimed from the beginning, that Caltrans subjected her to various adverse employment actions because of her diabetic condition and her need for medical leave related to that condition. Accordingly, Dudley's CFRA claim relates back to the filing of her complaint in federal court and is therefore timely.

Because it appears Dudley's complaint can be amended to state a cause of action for retaliation in violation of CFRA, the judgment on the pleadings must be reversed.

### DISPOSITION

The judgment of dismissal is reversed. The matter is remanded with instructions to vacate the order granting the motion for judgment on the pleadings without leave to amend and to enter a new order granting the motion with leave to amend. Caltrans shall reimburse Dudley for her costs on appeal. (Cal. Rules of Court, rule 26(a).)

Scotland, P. J., and Sims, J., concurred.

A petition for a rehearing was denied July 27, 2001.