Chan–Tay **CROSS,** Plaintiff—Appellant,

v.

**UNITED AIRLINES, a corporation, doing business in California; et al., Defendants—Appellees.**

No. 06–56809.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2008.

Filed Aug. 29, 2008.

Franklin L. Ferguson, Jr., Los Angeles, CA, for Plaintiff–Appellant.

Dominic John Messiha, Craig Gerald Staub, Littler & Mendelson, PC, Los Angeles, CA, for Defendants–Appellees.

Before: FISHER and PAEZ, Circuit Judges, and LORENZ,* District Judge.

MEMORANDUM **

Chan–Tay Cross, who was furloughed after United Airlines ("United") declared bankruptcy, appeals from the district court's summary judgment in favor of United, on her claims of racial discrimination in violation of 42 U.S.C. § 1981 and California Government Code § 12940(a) ("FEHA"), retaliation under California Government Code § 12940(h), and interference with, and retaliation with respect to, her exercise of protected leave rights under the California Family Rights Act ("CFRA"), California Government Code § 12945.2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo. *See Cornwell v. Electra Cent. Credit Un-*

---

* The Honorable M. James Lorenz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*ion,* 439 F.3d 1018, 1027 n. 4 (9th Cir. 2006). We affirm in part and reverse in part.

■ The district court properly concluded that Cross failed to establish a prima facie case of racial discrimination because she did not produce any evidence that similarly situated employees were treated more favorably than she was treated. Even assuming that Cross established a *prima facie* case, she did not raise any triable issues of material fact that United's proffered reason for her furlough—a numerical ranking below the furlough cut-off-was merely a pretext for race discrimination. *See Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 892 (9th Cir.1994); *Washington v. Garrett,* 10 F.3d 1421, 1433 (9th Cir. 1993).

■ The district court also properly rejected Cross's allegations that United furloughed her in retaliation for filing a sexual harassment complaint because Cross fails to raise any triable issues that her furlough was caused by her protected activity. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1124–25 (9th Cir.2004) (holding temporal link alone did not establish *prima facie* case of retaliation where the "events were separated by a year and a half"); *Morgan v. Regents of Univ. of Cal.,* 88 Cal.App.4th 52, 69, 105 Cal. Rptr.2d 652 (2000).

■ Next, Cross claims that United interfered with her CFRA-protected leave rights upon her return from her April 2002 absence. This claim has merit.

"Denial of a request for CFRA leave is established if the Department or the employee shows, by a preponderance of the evidence, that the employer was a covered employer, the employee making the request was an eligible employee, the request was for a CFRA qualifying purpose, the request was reasonable, and the employer denied the request for CFRA leave." 2 Cal. Admin. Code § 7297.1; *see Faust v. Cal. Portland Cement Co.,* 150 Cal.App.4th 864, 879, 58 Cal.Rptr.3d 729 (2007) ("An interference claim under the FMLA (and thus the CFRA) ... 'simply requires that the employer deny the employee's entitlement to [protected] leave.'") (quoting *Xin Liu v. Amway Corp.,* 347 F.3d 1125, 1135 (9th Cir.2003)); 29 U.S.C. § 2615(a)(1); *see also* 29 C.F.R. § 825.220.[1]

Both parties concede that United is a covered employer and Cross is an eligible employee. Like under the FMLA, Cross need not have expressly asserted her CFRA rights or even mentioned CFRA on her return to work after her April hospitalization. *See* 2 Cal. Admin.Code § 7297.4(a)(1); *Faust,* 150 Cal.App.4th at 879, 58 Cal.Rptr.3d 729; *Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1130 (9th Cir.2001); *see also Bailey v. Southwest Gas Co.,* 275 F.3d 1181, 1185 (9th Cir.2002) (same). Rather, once the employer acquired knowledge that the employee's leave was for a CFRA required *reason,* the employer must promptly notify the employee that the paid leave will be designated as CFRA leave. 2 Cal. Admin. Code § 7297.4(a)(1).

Here, there is no factual dispute that Cross was admitted to the emergency department of Cedars–Sinai Hospital and that her admission qualified as a serious health condition that qualified for protected leave. *See* 2 Cal. Admin. Code § 7297.0(*o*)(1) (defining as a "[s]erious health condition" any "illness, injury, im-

---

1. CFRA was modeled on the federal Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654, and it incorporates FMLA reg- ulations to the extent that they do not conflict with California law. *See* 2 Cal. Admin. Code § 7297.10.

pairment, or physical or mental condition ... which involves ... inpatient care in a hospital."); 29 C.F.R. § 825.114(a)(1). Nor is there a dispute that the day Cross returned to work she immediately informed her supervisor of her hospitalization and provided her emergency room discharge sheet. On this record, Cross's notice was "as soon as practicable" and "sufficient to make the employer aware that [Cross] need[ed] CFRA-qualifying leave." 2 Cal. Admin. Code § 7297.4(a)(1), (3).

United nonetheless argues that where leave is requested after an employee has returned to work, United has the discretion whether or not to designate the leave as protected. The applicable California regulations, however, clearly state that "[a]n employer *shall not* deny a CFRA leave, the need for which is an emergency or is otherwise unforeseeable, on the basis that the employee did not provide advance notice of the need for the leave." 2 Cal. Admin. Code § 7297.4(a)(4) (emphasis added). United did have a right under the statute to request further documentation of Cross's condition when Cross timely produced a qualifying reason, but any disputes with respect to the characterization of the leave had to have been resolved via documented discussions between the employer and the employee. *See* Cal. Gov. Code § 12945.2; *see also* 29 C.F.R. § 825.208(b)(1), (e)(2). United did not request further documentation; Cross cannot therefore be faulted for failing to provide it. "In the case at hand, [Cross] duly informed [United] of the reasons for her leave. It was [United's] duty to initiate a procedure to determine whether she qualified for FMLA leave." *Xin Liu,* 347 F.3d at 1134–35. Accordingly, under CFRA, Cross's April 2002 absence should have been designated as protected leave and Cross has therefore shown that she was denied an entitlement under CFRA. *See*

*Faust,* 150 Cal.App.4th at 878–86, 58 Cal. Rptr.3d 729; *see also Bachelder,* 259 F.3d at 1124–25; 29 C.F.R. § 825.220. On this claim, therefore, we reverse the district court's grant of summary judgment for United and direct the court to grant Cross's cross-motion for summary adjudication as to liability. We remand for trial the issue of Cross's damages.

■ We likewise find merit in Cross's allegation that United retaliated against her for requesting protected leave. "[T]he elements of a cause of action for retaliation in violation of CFRA ... are as follows: (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination ..., because of her exercise of her right to CFRA leave." *Avila v. Continental Airlines,* 165 Cal.App.4th 1237, 82 Cal.Rptr.3d 440, 454–55 (Ct.App.2008) (citing *Dudley v. Dep't of Trans.,* 90 Cal.App.4th 255, 262, 108 Cal. Rptr.2d 739 (2001)). There is no dispute as to the first three prongs. As to the fourth prong, United acknowledges that Cross's April 2002 absence was a factor in her furlough. This circumstance is sufficient to establish a triable issue as to a causal link between Cross's leave and her discharge. *Id.* at 458–59; *See Dudley,* 90 Cal.App.4th at 264, 108 Cal.Rptr.2d 739 ("If any of the leaves [employee] took qualified as CFRA leave, and if [employer] took any adverse employment action against [employee] because she exercised her right to take that leave, then [employee] has established a prima facie case of retaliation in violation of CFRA ..."). Accordingly, we reverse the district court's grant of summary judgement for United on this claim, and remand for trial.

Last, Cross claims that United was obligated to retroactively designate her remaining absences prior to May 2002, upon her request in November 2002. This claim fails because Cross has raised no triable issues that any of those absences qualified as absences due to a "serious health condition" under any factor listed in § 12945.2(c)(8). *See Gibbs v. American Airlines, Inc.*, 74 Cal.App.4th 1, 8–9, 87 Cal.Rptr.2d 554 (1999).

**AFFIRMED in part; REVERSED in part; REMANDED.**

**Each side to bear its own costs on appeal.**