**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARLAND WILFONG,

Plaintiff-Appellant,

v.

THARCO PACKAGING, INC.; et al.,

Defendants-Appellees.

Nos.  15-55473
15-56000

D.C. No.
2:14-cv-04583-R-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2016
Pasadena, California

Before:  CALLAHAN, BEA, and IKUTA, Circuit Judges.

Garland Wilfong appeals the district court's order granting summary

judgment in favor of Tharco Packaging, Inc., on his claims for violation of the

California Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12940,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and the California Family Rights Act (CFRA), *id.* § 12945.2. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The district court erred in granting summary judgment in favor of Tharco on Wilfong's FEHA claims of disability discrimination, failure to accommodate, failure to engage in the interactive process, and failure to prevent discrimination. There is a genuine issue of material fact as to whether Wilfong is disabled, given evidence in the record that gout and arthritis limited his major life activities of working and walking. *See* Cal. Gov. Code § 12926(m)(1)(B); *EEOC v. United Parcel Serv., Inc.*, 424 F.3d 1060, 1071 (9th Cir. 2005). There is also a genuine issue of material fact regarding whether Tharco failed to provide reasonable accommodations for Wilfong and failed to engage in the interactive process in response to his requests for use of a cot, a reduction in overtime, and more medical leave time. Finally, there is a genuine issue of material fact as to whether Wilfong's disability was a substantial motivating factor in Tharco's imposition of attendance discipline on Wilfong (including warnings and suspension) and in Wilfong's termination. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 226 (2013). Although Tharco provided legitimate nondiscriminatory reasons for disciplining and terminating Wilfong, a reasonable jury could conclude that these reasons were pretextual based on evidence that decisionmakers (the plant manager,

2

the general manager, and human resources personnel) were hostile to the use of medical leave by plant employees (including by Wilfong), that Tharco intentionally interpreted Wilfong's medical leave requests in a manner unfavorable to Wilfong and did not explain this interpretation to Wilfong until after he was disciplined, and that Tharco's determination that Wilfong committed a second lock-out/tag-out violation was made in order to trigger his automatic termination.

For the same reasons, the district court erred in dismissing Wilfong's FEHA claim that Tharco retaliated against him for engaging in protected activities. While Wilfong's requests for accommodation were not FEHA-protected activity, *see Moore v. Regents of the Univ. of Cal.*, 248 Cal. App. 4th 216, 247 (2016), it is undisputed that Wilfong made complaints to his supervisor regarding attendance discipline and refused to sign the July 2013 suspension notice, both of which constitute protected activity under FEHA, *see Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1050 (2016). Further, a reasonable jury could infer causation from the closeness in timing between these activities and subsequent adverse employment actions. *See Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 478 (1992).

Wilfong's CFRA claims for interference and retaliation also survive summary judgment. There is a genuine issue of material fact as to whether Tharco

failed to request recertification from Wilfong in a timely manner, *see* Cal. Code Regs. tit. 2, § 11091(b)(2), and therefore interfered with Wilfong's CFRA rights by counting CFRA leave as absences under its attendance policy, *see Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1254 (2008). Further, a reasonable trier of fact could find that Tharco retaliated against Wilfong for asserting his entitlement to CFRA leave by suspending him. *See Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001).[1]

**REVERSED and REMANDED.**

---

[1] Because we reverse and remand, we vacate the district court's award of costs to Tharco as moot. *Cf. United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).