Filed 11/9/22  McDaniel v. FlashCo Manufacturing CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JEREMY MCDANIEL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>FLASHCO MANUFACTURING, INC. et al.,<br><br>    Defendants and Respondents. | B314274<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV09497) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Eldessouky Law and Mohamed Eldessouky; Bove Law Group and Brooke L. Bove for Plaintiff and Appellant.

Kahana & Feld, Ron S. Brand, Avi M. Attal and Alexa P. Stephenson for Defendants and Respondents.

———————————————

Plaintiff and appellant Jeremy McDaniel appeals a summary judgment entered against him on his claims that he was discharged from his employment by defendants and respondents FlashCo Manufacturing, Inc. (FlashCo) and Insperity PEO Services, L.P. (Insperity) in violation of the California Fair Employment and Housing Act, Government Code section 12900 et seq. (FEHA), the Moore-Brown-Roberti Family Rights Act, commonly referred to as the California Family Rights Act (CFRA), and public policy.[1]

McDaniel claims FlashCo and Insperity discharged him "because of" his disability—an injury to his neck and back. As we shall explain, to prevail on his FEHA causes of action, McDaniel must prove that defendants knew about his alleged disability before they discharged him. We affirm the trial court's summary adjudication of McDaniel's FEHA claims because he failed to raise a triable issue of fact as to whether defendants knew of his disability.

Our analysis of McDaniel's CFRA and wrongful termination in violation of public policy causes of action is different. To prevail on these claims, McDaniel need not prove that defendants knew he was disabled. The trial court's determination that McDaniel was required to make that showing was error. We thus reverse the trial court's judgment in part and remand the matter for the trial court to address in the first

---

[1]    Unless otherwise stated, all further statutory references are to the Government Code. The CFRA is an amendment to the FEHA codified in section 12945.2 in Part 2.8 of Division 3 of Title 2 to the Government Code. For clarity and convenience, we shall refer to the FEHA and CFRA as separate statutory schemes.

2

instance defendants' other arguments regarding McDaniel's surviving causes of action.

## BACKGROUND

FlashCo is in the business of manufacturing and selling prefabricated roof flashings. Insperity is a professional employer organization that provides administrative and consulting services to small companies. Under a Client Service Agreement with FlashCo, Insperity administered payroll and employee benefits for FlashCo and served as an off-site full-service human resources department for the company.

In 2010, FlashCo hired McDaniel as a production worker. In 2013, after FlashCo and Insperity executed the Client Service Agreement, McDaniel signed an employment agreement with Insperity. This contract provides that FlashCo and Insperity have a "co-employment relationship" with McDaniel.

In March 2016, McDaniel was hired as the plant manager for FlashCo's Downey, California plant. Beginning in November 2016, FlashCo's Director of Operations, Eric Compton, was McDaniel's direct supervisor. Compton reported directly to FlashCo's president, Greg Morrow, and did not work for Insperity.

At his deposition, Morrow testified that when McDaniel was hired as a plant manager, he was concerned McDaniel was "over his head" due to his limited experience and management skills and lack of a college degree. Morrow further testified that he hoped McDaniel would develop into a competent plant manager, but McDaniel never did so.

In his declaration in support of FlashCo's motion for summary judgment, Compton provided similar testimony. Compton stated that when he began supervising McDaniel, he

3

advised Morrow that McDaniel was not qualified for the plant manager position, but with hard work and additional training McDaniel could be successful. Compton further stated that McDaniel did not progress as fast or as well as he expected, especially with respect to producing enough product to meet customer demand. According to Compton, in 2016 and 2017, the Downey plant managed by McDaniel did not have the product output levels expected of a plant of its maturity and was struggling to meet customer demand.

In performance reviews in 2016 and 2017, McDaniel received an overall rating of 3 out of 5, and a rating of 2 out of 5 in two categories—labor expense and on-time shipments. According to FlashCo's policies, a rating of 3 means the employee "Achieves Standard," while a rating of 2 means an employee "Needs Improvement."

On Thursday, February 22, 2018, outside of work, McDaniel sustained neck and back injuries in an automobile accident. On that day McDaniel and Compton communicated about the accident by text and telephone.

McDaniel did not work on Friday, February 23, 2018. Compton and McDaniel exchanged the following text messages:

McDaniel: "Good morning, they put me on muscle relaxers, steroids, naproxen. They gave me a shot of steroids, and a shot for the pain last night. I have back spasms from my neck down to my hip on the right side. Needless to say I won't be going in this morning. . . . Wanted to keep you in the loop."

Compton: "Ok, thanks."

McDaniel: "P.S. I hate shots, and muscle relaxers. Guess I have to man up though."

Compton: "I usually tough it out. I don't like the fogginess that comes with it."

McDaniel: "Me neither. I don't do any pills well, but these things absolutely knock me out."

On Monday, February 26, 2018, Compton texted McDaniel, asking him how he was feeling. McDaniel responded, "Hurting pretty good. Just leaving work now to go to the doctor."

On March 23, 2018, Compton received an email from McDaniel, stating: "I'm having issues with my back today. It froze up on me last night, and isn't much better today. I'm not going to be able to go in today." Compton did not object to McDaniel taking the day off and responded with an email stating, "I hope you feel better."

On March 26, 2018, McDaniel emailed Compton a note from his chiropractor. The note stated McDaniel was "[t]otally incapacitated" due to lumbar myalgia "from 3/23/18 to 3/23/18." In response, Compton told McDaniel that he did not need to submit a doctor's note in the future if he was feeling unwell or took the day off of work.

On March 28, 2018, McDaniel emailed Compton stating his "back and neck are out again," and that he planned on taking the day off. Compton replied via email, "Okay, I hope you feel better." McDaniel did not request any time off after March 28, 2018.

On April 17, 2018, Compton spoke to McDaniel and advised him that "the sales team was concerned about the plant performance, especially given that the plant was not yet in the year's busy season." Around this time—the record is not clear exactly when—Compton sent Morrow a summary of his inspections of the Downey plant and McDaniel's alleged poor

work performance. On April 18, 2018, Morrow responded by directing Compton to prepare a short-term performance improvement plan (PIP).

Compton prepared a PIP and on April 19, 2018, sent it via email to Cindy Bailey, a senior human resource specialist at Insperity. In his email, Compton asked Bailey to "look this pip over" and call him. Although Bailey did not have authority to approve or disapprove the PIP, she reviewed the document and advised Compton that "the contents of the PIP did not present any obvious human resource problems."

On April 20, 2018, Compton sent McDaniel the PIP. The document set specific goals for the period of April 20 to May 21, 2018. For example, the PIP stated: "The plant needs to meet its speed goals of 90% shipped within 3 days of purchase order." McDaniel believed the PIP set "unrealistic" expectations.

In a telephone conference with McDaniel on April 20, 2018, Compton advised McDaniel he had three options: (1) abide by the PIP and improve his performance; (2) accept the position of operations supervisor (one step below the plant manager position) at FlashCo's South Carolina plant; or (3) voluntarily resign. Compton told McDaniel that he felt the operations supervisor position was the "right job" for him, commensurate with his skills and education level. Compton also informed McDaniel that if he chose to resign, FlashCo would offer him $10,000.

On April 24, 2018, McDaniel sent Compton an email advising him that he would take the "severance option." McDaniel's employment was terminated on that date.

6

On March 9, 2020, McDaniel commenced this action by filing a complaint against FlashCo and Insperity in superior court.

In his operative first amended complaint, McDaniel set forth nine causes of action, six of which were for violation of the FEHA based on (1) disability discrimination, (2) failure to accommodate, (3) failure to engage in the interactive process, (4) retaliation, (5) failure to prevent harassment and discrimination, and (6) hostile work environment. McDaniel also stated two causes of action for violation of the CFRA, one for interference and another for retaliation. Finally, McDaniel asserted a wrongful termination in violation of public policy cause of action based on defendants' alleged FEHA and CFRA violations.

FlashCo and Insperity filed separate motions for summary judgment or, in the alternative, summary adjudication of each of McDaniel's nine causes of action. After a hearing, the trial court entered an order granting both defendants summary judgment. On June 7, 2021, the trial court entered judgment against McDaniel and in favor of FlashCo and Insperity. McDaniel timely appealed the judgment.

## DISCUSSION

### I. Standard of Review

A defendant moving for summary adjudication of a cause of action bears the burden of showing there is no triable issue of material fact and that it is entitled to prevail as a matter of law. (*Johnson & Johnson v. Superior Court* (2011) 192 Cal.App.4th 757, 761.) If the defendant shows the plaintiff cannot establish an element of a cause of action or does not possess the needed evidence to establish that element, the court shall summarily

7

adjudicate the cause of action in its favor.  (*Leyva v. Garcia* (2018) 20 Cal.App.5th 1095, 1102.)  If the defendant makes this showing with respect to all the plaintiff's causes of action, it is entitled to summary judgment.  (Code Civ. Proc., § 437c, subd. (c).)

In determining whether there is a triable issue of material fact, the court must make all reasonable inferences in favor of the party opposing summary judgment or summary adjudication. (*Kaney v. Custance* (2022) 74 Cal.App.5th 201, 213.)  "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

We examine the record de novo to determine whether triable issues of material fact exist.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.)

## II.    **McDaniel's FEHA Causes of Action**

### A.    *McDaniel's Alleged Disability*

McDaniel claims he had a physical disability.  Under the FEHA, a "physical disability" includes having any "physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss" that (A) affects one or more of certain body systems, including the musculoskeletal system, and (B) "[l]imits a major life activity."  (§ 12926, subd. (m)(1).)  A "major life activity" includes "physical, mental, and social activities and working."  (§ 12926, subd. (m)(1)(B)(iii).)  "[P]ain alone without some corresponding limitation on activity *is insufficient* to

8

establish a disabling impairment." (*Arteaga v. Brink's, Inc.* (2008) 163 Cal.App.4th 327, 348 (*Arteaga*).)

A "disability" does not include conditions with "little or no residual effects, such as the common cold; seasonal or common influenza; minor cuts, *sprains*, muscle aches, soreness, bruises, or abrasions; non-migraine headaches, and minor and non-chronic gastrointestinal disorders." (Cal. Code Regs., tit. 2, § 11065, subd. (d)(9)(B), italics added.) Accordingly, if a person suffers short-term pain arising from a back sprain, he or she is not "disabled" for purposes the FEHA.

In their motions for summary judgment, defendants argued that McDaniel did not have a disability because there is no evidence that he had a chronic back injury. The trial court did not decide this issue. We shall assume, without deciding, that there is sufficient evidence in the record for a trier of fact to conclude that McDaniel had a physical disability, namely a chronic back injury.

B.     *McDaniel Cannot Prevail on His FEHA Causes of Action Unless He Shows Defendants Knew of His Alleged Disability*

Each of McDaniel's FEHA causes of action have a common requirement: McDaniel must show that defendants *knew* of his alleged physical disability.

In his first, fourth, fifth, and eighth causes of action, McDaniel alleges defendants engaged in wrongful conduct "because of" his disability:

- Plaintiff's first cause of action is for disability discrimination in violation of section 12940, subdivision (a), which prohibits "an employer, because of . . . physical disability" from discharging any person from employment.

9

- In McDaniel's fourth cause of action for retaliation, he alleges defendants retaliated against him in violation of section 12940, subdivision (h) "because of disability."**[2]**
- McDaniel's eighth cause of action is for hostile work environment harassment pursuant to section 12940, subdivision (j)(1), which prohibits an employer from harassing an employee "because of . . . physical disability."
- McDaniel's fifth cause of action is for failure to prevent harassment and discrimination. The discrimination McDaniel complains of allegedly occurred because of his disability. Although the first amended complaint does not state any facts regarding harassment, McDaniel testified at his deposition that Compton harassed him by firing him "because of disability" and giving him the PIP.

"An adverse employment decision cannot be made 'because of' a disability, when the disability is not known to the employer." (*Brundage v. Hahn* (1997) 57 Cal.App.4th 228, 236; accord *Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1247 (*Avila*).)

---

[2]   Section 12940, subdivision (h) provides that it is unlawful for an employer to take adverse employment action against "any person because the person has opposed any practices forbidden [by the FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]." In his first amended complaint and in opposition to defendants' motion for summary judgment, McDaniel did not allege that prior to his termination, he, or anyone else, filed a complaint, testified, or assisted in any FEHA proceeding. McDaniel does not argue on appeal that his FEHA retaliation cause of action rests on any basis other than defendants' alleged discrimination against him because of his disability.

McDaniel's second and third causes of action are for failure to accommodate and failure to engage in the interactive process. Section 12940, subdivision (m) requires an employer "to make reasonable accommodation for the *known*" physical disability. (Italics added.) Likewise, section 12940, subdivision (n) requires an employer who receives a request for an accommodation to "engage in a timely, good faith, interactive process" with an employee "with a *known*" physical disability. (Italics added.)

### C. *McDaniel Does Not Have Evidence That FlashCo or Insperity Knew of His Alleged Disability*

" 'An employee cannot demand clairvoyance of his employer.' " (*Doe v. Department of Corrections & Rehabilitation* (2019) 43 Cal.App.5th 721, 738 (*Doe*).) " 'It is an employee's responsibility to understand his or her own physical or mental condition well enough to present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee.' " (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 443.)

" 'Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, . . . the initial burden rests primarily upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations.' " (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1013.) " 'Reliance on medical opinion and an individualized assessment is especially important when the symptoms are subjective and the disease is of a type that varies widely between people.' " (*Doe*, *supra*, 43 Cal.App.5th at p. 739.)

" 'While knowledge of the disability can be inferred from the circumstances, knowledge will only be imputed to the

11

employer when the fact of disability is the only reasonable interpretation of the known facts. "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the [FEHA]." [Citation.]' " (*Avila, supra,* 165 Cal.App.4th at p. 1248.)

McDaniel argues that he did not need to show that FlashCo knew he was *actually* disabled. Rather, McDaniel contends, he "need only show that it is reasonable to infer that FlashCo . . . regarded him as *potentially* disabled to defeat a motion for summary judgment." (Italics added.) For FEHA purposes, "physical disability" includes being "regarded" by the employer as having a condition "that has no present disabling effect but may become a physical disability." (§ 12926, subd. (m)(5).)

"[E]vidence that a discharged employee had *non* disabling symptoms—pain and numbness—during his employment does not support an inference that the employer discharged him because of a potential disability. Something more must be shown. Otherwise, every headache would give rise to a triable claim." (*Arteaga, supra,* 163 Cal.App.4th at pp. 350–351.)

An employee is potentially disabled only if he or she has a physical or mental condition that creates "a greater than normal risk of disability or death." (*Arteaga, supra,* 163 Cal.App.4th at p. 351.) Examples of such conditions include high blood pressure (*American National Ins. Co. v. Fair Employment & Housing Com.* (1982) 32 Cal.3d 603, 610), acquired immunodeficiency syndrome, better known as AIDS (*Raytheon Co. v. Fair Employment & Housing Com.* (1989) 212 Cal.App.3d 1242, 1249), and diagnosed psychiatric disorders (*Goldman v. Standard Ins. Co.* (9th Cir. 2003) 341 F.3d 1023).

12

Here, there is no evidence FlashCo knew that McDaniel was actually or potentially disabled. Before his discharge, McDaniel did not inform FlashCo that he had a chronic back or neck injury or that he had a history of such injuries. Apart from requesting three days off in his last two months at work, McDaniel never indicated that his pain affected his work performance, prevented him from completing his work duties, or interfered with his major life activities.

McDaniel also did not inform FlashCo that the back pain that caused him to take two days off at the end of March 2018 was related to his automobile accident in February. McDaniel's supervisor, Compton, never observed McDaniel's alleged injury affecting his work, or McDaniel showing signs of distress or a need for an accommodation. There is no evidence that anyone else at FlashCo made such observations.

FlashCo only knew of McDaniel's sporadic, subjective complaints of pain, which itself is not an actual or potential disability. The sole document FlashCo received from a health care provider, the note from McDaniel's chiropractor, indicated that McDaniel could not work on *one day*—beginning and ending on March 23, 2018—due to "lumbar myalgia" (pain in the lower back). No doctor ever informed FlashCo that McDaniel had a chronic back condition or some other disability.

After McDaniel took March 28, 2018, off from work, FlashCo had no reason believe McDaniel would take more time off from work due to back pain. As there are many potential causes of sporadic, short-term subjective back pain and McDaniel only asked for a few days off, FlashCo was not notified that McDaniel had, or claimed to have, an actual disability.

13

The same is true for any potential disability. An employer's knowledge of sporadic back pain, without more, is not analogous to an employer's knowledge of high blood pressure, AIDS, a diagnosed psychiatric disorder, or other condition that creates a greater than normal risk of an actual disability. McDaniel thus did not notify FlashCo that he had a potential disability.

McDaniel argues that "any ignorance on the part of [FlashCo] as to the severity of [his] injuries was due in large part to Mr. Compton's response to [his] initial communications." He does not, however, articulate any legal theory for this argument or cite any authorities to support it.

In any case, Compton's response to McDaniel's communications does not change our analysis. In response to McDaniel's statement that he did not like taking pain medication, Compton stated that he would "usually tough it out" to avoid the fogginess that comes with such medication. Compton also told McDaniel that he did not need to present a doctor's note if he needed to take a day off because he was unwell. These statements did not relate to any disability claim by McDaniel or prevent McDaniel from informing FlashCo of an alleged disability.

Insperity had even less information than FlashCo. On or before April 24, 2018, when McDaniel's employment was terminated, Insperity had no knowledge that he allegedly injured his back or neck. While FlashCo's records show McDaniel took a total of three days off from work for back pain, McDaniel did not ask Insperity to take this time off or inform Insperity he would be taking this time off. Neither McDaniel nor FlashCo forwarded to Insperity any medical documentation regarding McDaniel's

14

absences, his condition, or any need for time off or any other accommodation.

FlashCo and Insperity could not have taken adverse employment action against McDaniel "because of" his disability because they did not know of McDaniel's alleged disability. For this reason, defendants are entitled to summary adjudication in their favor on all of McDaniel's FEHA causes of action.

The cases McDaniel cites do not support his position. In *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34 (*Gelfo*), the court held that an employee could maintain a FEHA action against an employer who "regarded" him as disabled, even though he was not actually disabled. (*Id.* at p. 50.) Here, by contrast, there is no evidence that FlashCo or Insperity regarded McDaniel as disabled. *Gelfo* is distinguishable from the present case.

In *Taylor v. Phoenixville School District* (3rd Cir. 1999) 184 F.3d 296 (*Taylor*), the defendant employer knew the plaintiff employee was hospitalized after becoming psychotic at work. Plaintiff's physicians also advised defendant that plaintiff needed to continue her mediation to avoid future psychotic episodes. (*Id.* at pp. 313–314.) No analogous facts exist here. *Taylor*, too, is distinguishable.

## III.   McDaniel's CFRA Causes of Action

Under the CFRA, an employer is prohibited from refusing an eligible employee's[3] request for medical leave. (§ 12945.2,

---

[3]     To be eligible, the employee must meet certain criteria, including working for the employer at least 12 months. (§ 12945.2, subd. (a).) It is undisputed that McDaniel is an eligible employee protected by the CFRA.

15

subd. (a).) "Medical leave" includes leave "because of an employee's own serious health condition that makes the employee unable to perform the functions of the position of that employee." (§ 12945.2, subd. (b)(4)(C).) A "serious health condition" includes an "an illness, injury, impairment, or physical or mental condition" that involves "[c]ontinuing treatment or continuing supervision by a health care provider." (§ 12945.2, subd. (b)(12)(B).)

"CFRA 'is intended to give employees an opportunity to take leave from work for certain personal or family medical reasons without jeopardizing job security.' " (*Bareno v. San Diego Community College Dist.* (2017) 7 Cal.App.5th 546, 558.) Violations of the CFRA generally fall into two types of claims: (1) interference claims (2) retaliation claims. (*Id.* at pp. 558–559.)

McDaniel's sixth cause of action is for CFRA interference. It is unlawful for an employer "to interfere with, restrain, or deny the exercise of, or attempt to exercise, any right provided" under the CFRA. (§ 12945.2, subd. (q).) The elements of a CFRA interference cause of action are " '(1) the employee's entitlement to CFRA leave rights; and (2) the employer's interference with or denial of those rights.' " (*Moore v. Regents of University of California* (2016) 248 Cal.App.4th 216, 250.) To prevail on this cause of action, the plaintiff does not need to show the defendant took an adverse employment action against the plaintiff "because of" the plaintiff's "disability."

McDaniel's seventh cause of action is for CFRA retaliation. It is unlawful for an employer to discharge any individual "because of" the individual's "exercise of the right to . . . medical leave." (§ 12945.2, subd. (k)(1).) The elements of a CFRA retaliation cause of action are "(1) the defendant was an employer

16

covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, *because of her exercise of her right to CFRA leave.*" (*Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 261, italics added.)

In contrast to his FEHA causes of action, McDaniel does not need to prove defendants discharged him "because of disability" to prevail on his CFRA retaliation cause of action. "The 'because of' language in section 12945.2, subdivision [(k)] requires only proof of a causal connection between the employee's protected status or conduct and the adverse employment action taken by the employer. [Citations.] The decision maker must have knowledge, but just knowledge of the protected conduct— the absences."[4] (*Avila*, *supra*, 165 Cal.App.4th at p. 1258.)

In its order granting defendants' motions for summary judgment, the trial court did not address the elements of McDaniel's CFRA causes of action, including the "because of" language in the CFRA. Instead, it assumed McDaniel's CFRA interference and retaliation claims are "based on adverse employment decisions that were made *because of a disability.*" (Italics added.) As explained, that assumption is incorrect. The trial court therefore erred in summarily adjudicating McDaniel's CFRA causes of action in defendants' favor on the grounds stated in its order.

---

[4] When *Avila* was decided, the "because of" language in the CFRA was in section 12945.2, subdivision (l). (*Avilia*, *supra*, 165 Cal.App.4th at p. 1253.)

17

This conclusion does not end our analysis.  We generally review "the correctness of the trial court's ruling, not its reasoning."  (*Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1049.)

In their motions for summary judgment, FlashCo and Insperity did not argue McDaniel's CFRA claims fail for the reasons stated by the trial court.  Rather, FlashCo argued that it was not an "employer" subject to the 2018 version of the CFRA because it "did not have 50 or more employees within 75 miles of the plant Plaintiff worked at in April 2018."  Insperity argued that McDaniel's CFRA causes of action failed because it was not his "employer" under the factors set forth in *Vernon v. State of California* (2004) 116 Cal.App.4th 114, 125, including the extent of Insperity's right to control the means and manner of McDaniel's work.

The trial court did not address whether FlashCo or Insperity were "employers" for purposes of the CFRA.  On appeal, McDaniel only discussed the issue in his briefs in passing.  While FlashCo and Insperity discussed the issue in their background section on their brief, they did not make legal arguments or cite authorities regarding the matter.

After the case was fully briefed, pursuant to Government Code section 68081, the court advised the parties they could file letters concerning the effect, if any, of the holding and discussion in *Avila* regarding the CFRA on the issues raised by McDaniel on appeal.  The court did not ask the parties to brief the issue of whether FlashCo and/or Insperity were employers for purposes of the CFRA.

In their responsive letter, FlashCo and Insperity argued *Avila* was "irrelevant" because they were not employers subject to the CFRA, and Insperity was not a joint employer.  For the first

18

time in this appeal, defendants cited legal authorities and made legal arguments on these issues. FlashCo and Insperity also argued that *Avila* was factually distinguishable from the present case, though they made no attempt to argue *Avila*'s analysis of the CFRA was erroneous.

In our discretion, we exercise judicial restraint and refrain from adjudicating whether FlashCo or Insperity were employers for purposes of McDaniel's CFRA causes of action. The better course is for the trial court to first adjudicate the issue on remand.

## IV. McDaniel's *Tameny* Cause of Action

McDaniel's ninth cause of action is for wrongful termination in violation of public policy. In *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 (*Tameny*), the California Supreme Court "recognized that although employers have the power to terminate employees at will, they may not terminate an employee for a reason that is contrary to public policy." (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1076.) "[E]mployees who assert *Tameny* claims must show that the important public interests they seek to protect are 'tethered to fundamental policies that are delineated in constitutional or statutory provisions.' " (*Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 71.)

Here, McDaniel bases his *Tameny* cause of action on defendants' alleged violations of both the FEHA and the CFRA. To the extent McDaniel's *Tameny* cause of action is based on the FEHA, it fails for the reasons stated above. Likewise, to the extent McDaniel's *Tameny* cause of action is based on the CFRA, the trial court's order was erroneous.

19

In its motion for summary judgment, FlashCo argued that McDaniel could not prevail on his *Tameny* claim because he "voluntarily resigned" from the company. Insperity argued in its motion that McDaniel's *Tameny* cause of action failed because, among other things, Insperity was not McDaniel's "employer" and Insperity was not responsible for "terminating" McDaniel.

The trial court did not address these arguments. On appeal, the parties only mention these issues in their briefs in passing, without legal analysis and citation to authorities. We therefore remand the matter to the trial court to adjudicate in the first instance defendants' arguments regarding McDaniel's *Tameny* claim not discussed in this opinion.

## DISPOSITION

The judgment is affirmed with respect to McDaniel's first, second, third, fourth, fifth, and eighth causes of action. The judgment is reversed with respect to McDaniel's sixth, seventh, and ninth causes of action and the matter is remanded to the trial court for further proceedings consistent with this opinion. The motion for sanctions of respondents FlashCo and Insperity, dated June 8, 2022, is denied. All parties are to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

TAMZARIAN, J.[*]

We concur:

RUBIN, P.J.

BAKER, J.

---

[*]     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

21