**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLEN BOUDREAUX, | No.    15-16802 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00720-KJM-KJN |
| v. | |
| J.B. HUNT TRANSPORTATION, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 21, 2017[**]
San Francisco, California

Before:  TROTT and IKUTA, Circuit Judges, and FABER,[***] District Judge.

Carlen Boudreaux appeals the district court's entry of summary judgment in

favor of his former employer J.B. Hunt Transportation, Inc. (J.B. Hunt) on his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

claims for violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12940, for violation of the California Family Rights Act (CFRA), *id.* § 12945.2, and two related claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment in favor of J.B. Hunt on each of Boudreaux's FEHA claims because he failed to raise a genuine issue of material fact that he suffered a physical disability for purposes of FEHA. *See* Cal. Gov. Code §§ 12940(a), 12926(m). Boudreaux presented no evidence that his on-the-job injuries limited a major life activity, including the major life activity of working. *See id.* § 12926(m)(1); *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 348 (2008). Even if J.B. Hunt knew that Boudreaux had decided to see a doctor on May 6, 2011, or suspected that Boudreaux intended to file a worker's compensation claim, Boudreaux identifies no authority holding that such knowledge constitutes knowledge that Boudreaux suffered or could suffer a physical disability. Nor did Boudreaux present evidence that J.B. Hunt otherwise perceived him to have a physical disability or a potential physical disability. *See* Cal. Gov. Code § 12926(m)(4), (m)(5). Because Boudreaux did not raise a genuine issue of material fact with respect to suffering a physical disability, each of his FEHA claims fails. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98

(9th Cir. 2015); *Carter v. Cal. Dep't of Veterans Affairs*, 38 Cal. 4th 914, 925 n.4 (2006); *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 263 (2000).

The district court properly granted summary judgment in favor of J.B. Hunt on the CFRA claim. Boudreaux concedes that he never sought CFRA leave, and therefore cannot establish a prima facie case for CFRA retaliation. *See Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001).

The district court properly granted summary judgment in favor of J.B. Hunt on the claims of wrongful termination in violation of public policy and negligent infliction of emotional distress. Boudreaux admits that these claims are derivative of his FEHA claims, which were properly dismissed.

**AFFIRMED.**