[No. B016776. Second Dist., Div. Seven. Apr. 24, 1986.]

DONALD McDONALD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FLINTKOTE COMPANY, Real Party in Interest.

COUNSEL

Martin, Davis & Lewis and William B. Stremel for Petitioner.

No appearance for Respondent.

Shield & Smith and Douglas Fee for Real Party in Interest.

OPINION

**THOMPSON, J.**—In this case we determine that section 3602, subdivision (b)(2), of the Labor Code[1] allows an employee to recover punitive as well as compensatory damages for aggravation of an injury resulting from the employer's fraudulent concealment of the injury and its connection with the employment.

### Procedural and Factual Background

This is a petition for writ of mandate by Donald McDonald, plaintiff employee in an action for damages for injury from asbestos exposure against, among others, The Flintkote Company, his employer for 27 years. The trial court granted defendant Flintkote's motion to strike the paragraphs in the complaint and the prayer seeking punitive damages without leave to amend on the ground, asserted by Flintkote, that punitive damages are not recoverable under section 3602, subdivision (b)(2). Concurrently the court sustained Flintkote's demurrer to plaintiff's cause of action "for punitive damages" without leave to amend.[2] At issue are whether section 3602, subdivision (b)(2), bars punitive damages and, if not, whether plaintiff's allegations are sufficient for recovery under that section.

---

[1]All references are to the Labor Code unless otherwise indicated.

[2]The court struck paragraph 57 of the complaint and paragraph 4 of the prayer, in addition to sustaining a demurrer without leave to amend to the eighth cause of action "for punitive damages," which incorporated factual allegations from other causes of action. Since the sufficiency of the punitive damage allegations was concurrently tested by motion to strike (see *Grieves* v. *Superior Court* (1984) 157 Cal.App.3d 159, 163-164, 166, fn. 9 [203 Cal.Rptr. 556]) as well as demurrer (see *Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854]; *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22 [122 Cal.Rptr. 218]), we need not consider the procedural fine point of which is the proper or preferred practice.

The court also sustained demurrers without leave to amend to plaintiff's first, fourth, and fifth causes of action and overruled the demurrer to the sixth cause of action. These other rulings, however, have not been challenged in this petition.

The allegations of the complaint which we must accept as true show the following: From 1956 to 1983, plaintiff was employed by Flintkote, which manufactures, packages and distributes asbestos and asbestos products, and was continuously exposed to asbestos fibers and dust through the course of his employment. As a result of this exposure, he developed asbestosis, pulmonary fibrosis, pleural plaques and other respiratory diseases.

Despite Flintkote's knowledge since 1933 that "there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including, but not limited to, lung cancer and other forms of cancer, and asbestosis," Flintkote "concealed this knowledge from Plaintiff, and advised him that it was safe to work in close proximity to asbestos." Further, Flintkote "did not provide the medical doctors retained by [Flintkote] to examine Plaintiff with adequate information regarding the risk of asbestos exposure. [Flintkote] failed to advise these doctors of the risk of the development of pulmonary disease in the Plaintiff." Also, Flintkote "wilfully failed to file a First Report of Occupational Injury or Illness with the State of California regarding Plaintiff's injuries . . . as required by law. Had this been done, and if the danger from asbestos had been revealed, Plaintiff would have been protected. Each of these acts and omissions were done falsely and fraudulently by [Flintkote], with intent to induce Plaintiff to continue to work in a dangerous environment. Plaintiff was ignorant of the risks involved and would not have continued to work in such an environment if he had known the true facts." Flintkote "by its intentional conduct" which was "willful, malicious, outrageous and in conscious disregard and indifference to the safety of" plaintiff "actually and proximately caused and aggravated the . . . injuries and damages sustained by Plaintiff."

DISCUSSION

I

*Punitive Damages Are Recoverable Under Section 3602,*
*Subdivision (b)(2)*

An employee who suffers an injury in the course of employment may recover damages in an action at law only if he comes within certain exceptions to the workers' compensation law. (*Foster* v. *Xerox Corp.* (1985) 40 Cal.3d 306, 308 [219 Cal.Rptr. 485, 707 P.2d 858]; see also §§ 3600, 3602.) Subdivision (b)(2) of section 3602 embodies one of these exceptions to the exclusive remedy of workers' compensation. (*Foster, supra,* at p. 308.) It provides in pertinent part: "(b) An employee . . . may bring an action at law for damages against the employer, as if [workers' compensa-

tion law] did not apply . . . . [¶] (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer.''

█ Plaintiff contends that section 3602, subdivision (b)(2), allows an employee to recover punitive damages against an employer. We agree.

"The concept of punitive damages is rooted in the English common law and is a settled principle of the common law of this country.'' (*Grimshaw* v. *Ford Motor Co.* (1981) 119 Cal.App.3d 757, 807 [174 Cal.Rptr. 348].) "When a statute recognizes a cause of action for violation of a right, all forms of relief granted to civil litigants generally, including appropriate punitive damages, are available unless a contrary legislative intent appears.'' (*Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 215 [185 Cal.Rptr. 270, 649 P.2d 912].) No such intent appears here. To the contrary, the background of the statute and its language establish that punitive damages are recoverable.

As our Supreme Court recently pointed out in *Foster* v. *Xerox Corp., supra,* 40 Cal.3d 306, in construing section 3602, subdivision (b)(2):[3] "The subdivision was enacted in 1982 (Stats. 1982, ch. 922, § 6) as a codification of [the] decision in [*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 (165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758)]. It is appropriate, therefore, to consider its rationale and holding in determining the meaning of the statute.'' (40 Cal.3d at p. 310; see also Peyrat, Cal. Workers' Damages Practice (Cont.Ed.Bar 1985) § 3.19, p. 55.)

In *Johns-Manville,* as here, the plaintiff employee sought compensatory and punitive damages for illness from asbestos exposure. The Supreme Court concluded that "while the workers' compensation law bars the employee's action at law for his initial injury, a cause of action may exist for aggravation of the disease because of the employer's fraudulent concealment of the condition and its cause.'' (27 Cal.3d at p. 469.)

---

[3]In *Foster,* the plaintiff employee claimed that defendant employer had knowledge of plaintiff's job-related arsenic poisoning but concealed the fact, thereby allowing plaintiff to continue working in a hazardous environment and aggravating his injuries. The trial court sustained defendant's demurrer without leave to amend, on the grounds that the complaint was barred by section 3602. The Supreme Court reversed, stating: "It is unassailable that an employer who knows that an employee has contracted a disease in the course of his employment has a duty to advise the employee of that fact. The subdivision provides for an action at law for aggravation of a disease resulting from such concealment.'' (40 Cal.3d at p. 310.)

The decision in *Johns-Manville* expressly recognized that punitive damages were recoverable in that common law action for aggravation of job-related injuries. The court's reference to and approval of the remedy of punitive damages was an integral part of its rationale justifying an action at law for aggravation of work-related injuries caused by fraudulent concealment of their existence.[4] The court analogized the defendant employer's alleged behavior to the defendant insurer's acts in *Unruh v. Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063], where it had previously held the plaintiff could sue for punitive damages.[5] The *Johns-Manville* court stressed: "Moreover, defendant's alleged actions are more blameworthy than the insurer's conduct in using 'evidence perfidiously' procured in *Unruh,* and, if established at trial, are so egregious and the societal interest in deterring similar conduct in the future is so great that *there is justification for awarding punitive damages.*" (27 Cal.3d at p. 478, italics added.)

Nor does the language of subdivision (b)(2), which codified the *Johns-Manville* decision, indicate a contrary legislative intent. If the Legislature had intended to restrict the types of damages by eliminating the right to recover punitive damages generally available in a common law action and explicitly approved in *Johns-Manville,* it would have expressly so provided by inserting the word "compensable" before the word "damages." Flintkote claims the phrase limiting liability "to those damages proximately caused by the aggravation" clearly restricts an employee to compensable damages only. But that language merely expresses the exact same limitation on a right to an action at law as was set forth in the *Johns-Manville* decision—"[r]estricting plaintiff's damages to aggravation of the disease caused by the alleged fraud of defendant" (27 Cal.3d at p. 478) "as distinct from the hazards of the employment which caused him to contract the disease" (*id.,* at p. 477; see also *Foster v. Xerox Corp., supra,* 40 Cal.3d at p. 310, 311, fn. 3). As that phrase, read in context with the remainder of subdivision (b)(2) makes evident, the limitation is on the apportionment of damages between the initial injury and the aggravation, not the types of damages

---

[4]Indeed, the dissent in *Johns-Manville* specifically criticized the majority for its holding "imposing on the employer tort liability for compensatory and *punitive damages* in addition to workers' compensation benefits," pointing out that "[l]osses from punitive awards may not be insured against . . . ." (27 Cal.3d at pp. 479, 480, dis. opn. of Clark, J., italics added.)

[5]In *Unruh,* the court had held that an employer's insurer, which engages in intentional misconduct following a compensable injury, may be held liable in an action at law for aggravation of the injury (7 Cal.3d at pp. 626-628), and the employee could properly assert a claim for punitive damages in conjunction with that intentional tortious behavior. (*Id.,* at p. 632.)

recoverable for the aggravation.[6] Accordingly, the court's ruling that punitive damages are not recoverable under section 3602, subdivision (b)(2), was erroneous.

## II

### *Plaintiff Should Be Granted Leave to Amend*

 Flintkote, however, correctly argues that plaintiff did not plead sufficient facts for recovery of punitive damages under section 3602, subdivision (b)(2). Plaintiff alleged in the complaint that Flintkote knew of and fraudulently concealed the "risk of the development of pulmonary disease" and "risk of asbestos exposure." But he did not allege that Flintkote knew and concealed that plaintiff was suffering from the disease, thereby aggravating that injury by its fraud. Such knowledge of an existing work-related injury is essential to establish a claim under subdivision (b)(2). (*Foster* v. *Xerox Corp., supra,* 40 Cal.3d at p. 312.)[7] A worker is relegated to the sole remedy of workers' compensation for any damages he suffered from contracting the disease in the first instance as a result of the employer's deliberate failure to assure a safe workplace. An action at law for compensatory and punitive damages can only be brought for aggravation of such injury caused by the employer's concealment of the existence of the disease and its connection with the employment. (*Id.,* at pp. 310-311; *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pp. 469, 474-475, 477-479.)

 Although the trial court could properly sustain the demurrer to the eighth cause of action and grant the motion to strike the punitive damage allegations in the complaint and prayer because of the insufficiency of the factual allegations, it should have granted plaintiff leave to amend. This was plaintiff's original complaint. A ruling sustaining a general demurrer without leave to amend will only be upheld if the complaint alleges facts which do not entitle plaintiff to relief on any legal theory. (*Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817].) Unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion,

---

[6]The final sentence of the provision places the burden of apportioning damages between the initial contracting of the disease and its subsequent aggravation upon the employer, as had the court in *Johns-Manville.* (See 27 Cal.3d at pp. 477-478, fn. 11.)

[7]We realize that with asbestos-related diseases plaintiff is faced with the difficult prospect that the injury may manifest itself many years after the initial injury occurred. (*Nelson* v. *Flintkote Co.* (1985) 172 Cal.App.3d 727, 735 [218 Cal.Rptr. 562].) However, this does not preclude a plaintiff from alleging that a job-related injury did occur prior to his recognition of its manifestation, and his employer knew he had contracted a job-related injury, but concealed that knowledge from him, thereby aggravating the injury.

irrespective of whether leave to amend is requested or not. Liberality in permitting amendment is the rule, not only where a complaint is defective as to form but also where it is deficient in substance, if a fair prior opportunity to correct the substantive defect has not been given. (*Johnson* v. *County of Los Angeles* (1983) 143 Cal.App.3d 298, 306 [191 Cal.Rptr. 704].) ■ Similarly, a motion to strike paragraphs in a complaint should be granted with leave to amend where, as here, the defect, though one of substance, may possibly be cured by supplying omitted allegations, and the plaintiff has not had a fair opportunity to do so. (*Grieves* v. *Superior Court, supra,* 157 Cal.App.3d at p. 168.) Plaintiff should, therefore, be afforded an opportunity for amendment.

## Disposition

Let a peremptory writ of mandate issue directing the trial court to vacate its order of September 10, 1985, insofar as it sustained the demurrer without leave to amend to the eight cause of action and granted the motion to strike without leave to amend paragraph 57 of the complaint and paragraph 4 of the prayer and, thereafter, to enter a new and different order sustaining said demurrer with leave to amend and granting the motion to strike with leave to amend.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied May 20, 1986, and the petition of real party in interest for review by the Supreme Court was denied July 16, 1986.