Filed 6/29/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NADER EGHTESAD,<br><br>    Plaintiff and Appellant,<br>v.<br><br>STATE FARM GENERAL<br>INSURANCE COMPANY,<br><br>    Defendant and Respondent. | A147481<br><br>(Contra Costa County<br>Super. Ct. No. MSC1501014) |

Representing himself, Nader Eghtesad filed a Judicial Council form complaint against State Farm General Insurance Company (State Farm) alleging he was an insured and asserting causes of action including breach of contract and fraud. State Farm demurred. Although Eghtesad obtained two brief continuances from the trial court, including one on account of medical issues arising from an accident, he did not file any written response to the demurrer. The trial court sustained the demurrer and entered a judgment of dismissal, never giving Eghtesad an opportunity to amend his original complaint. This was error. We reverse the judgment and remand for the trial court to allow Eghtesad leave to amend his complaint against State Farm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *Allegations in the Complaint*

The first two pages of Eghtesad's complaint bear the preprinted Judicial Council footer "COMPLAINT—Contract." The caption identifies

1

State Farm and Does 1 to 20 as defendants, with a box checked to indicate that Does 1 to 20 were "the agents or employees of [State Farm] and acted within the scope of that agency and employment."

Eghtesad checked boxes indicating that he was attaching a cause of action for breach of contract, as well as "(Defamation) Slandering my name Intentional misrepresentation Unfair Business Practice," and that he was also alleging "Denying me from the insurance coverage (Fraud)." He sought damages with interest, and attorney fees.

On the form complaint for breach of contract, Eghtesad alleged the following. In 2012 he leased property to Pablo Martinez. The signed lease, which Eghtesad attached, stated that the premises were to be used for shoe repair and recycling. Before Eghtesad signed the lease, he required Martinez to obtain fire and liability insurance and to add Eghtesad, as landlord, to the policy.[1] Martinez added him to the policy as an additional insured, and Martinez's insurance agent confirmed this to Eghtesad over the phone. In May 2014, Eghtesad made a claim to State Farm for damage to the property, but State Farm told him "the only coverage [I] can make claim is Slander." Eghtesad claimed that the breach of the contract damaged him to the extent of the money he paid for repairs to fix the building.

Eghtesad also alleged that State Farm defrauded him in May 2014. On the form complaint for fraud, in spaces provided to allege misrepresentation,

---

[1] The lease included the following apparently confirmatory term: "Lessee agree[s] to have full coverage fire insurance for amount of $450,000,00 and minimum of 1,000,000,00 insurance liability and add landlord on the policy." We grant Eghtesad's unopposed request to take judicial that on April 1, 2014, the superior court entered judgment for Eghtesad in an unlawful detainer action against Martinez, who was ordered to pay Eghtesad $22,600.

2

Eghtesad stated that a State Farm agent verified that a policy was issued and Eghtesad was added as an additional insured. In spaces provided to allege concealment, Eghtesad stated that State Farm concealed the fact that State Farm had a copy of the lease between Eghtesad and Martinez and knew that the lease required specific insurance coverage. Eghtesad also checked a box to allege that State Farm had made a promise without an intention to perform. And Eghtesad alleged that as a result of his reliance on State Farm's conduct he had been damaged with respect to money paid (presumably the amount he paid for repairs) and loss of rent.

B.    *Procedural Background*

State Farm filed a general and special demurrer on the grounds that Eghtesad failed to plead sufficient facts to state causes of action for fraud, defamation, and breach of contract, and that each of the claims was uncertain. (Code Civ. Proc., § 430.10, subds. (e) & (f).[2])

Eghtesad did not file an opposition to the demurrer. He did, however, appear at a case management conference two days before the originally scheduled hearing, at which he asked the court for 60 days to try to settle with State Farm and get counsel. The trial court continued the hearing on the demurrer for approximately three weeks, with Eghtesad's opposition due ten days before the hearing.

On the day his opposition was due, Eghtesad, still representing himself, filed a request for a further continuance of 90 days, informing the court that three days before he had been involved in an auto accident. He attached a note from his doctor placing him off work for three days and

---

[2] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

3

instructing him to take two medications for pain and muscle stiffness and avoid heavy lifting.

The trial court granted Eghtesad "one final continuance" and set the hearing out for two additional weeks.

Three days before the new hearing date (and without having filed a response to the demurrer), Eghtesad filed another request for a continuance to respond to the demurrer on the grounds that he had now been ordered by his doctor to rest for 90 days. The request was accompanied by a doctor's note stating that the car accident had "exacerbated" Eghtesad's back pain, such that he was unable to sit for long time without changing position, and that the doctor expected him to recover in three months.

The trial court did not grant a further continuance: the court sustained the demurrer without leave to amend and directed State Farm to prepare an order and judgment of dismissal. Eghtesad now appeals.[3]

## DISCUSSION

### A.    *Scope of Review*

When we review a judgment dismissing a complaint after the trial court has sustained a demurrer without leave to amend, our first step is to review the complaint de novo, assuming the truth of properly pleaded or implied factual allegations, to determine whether the complaint states facts sufficient to state a cause of action. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) Then, if we conclude that the complaint does not state a cause of action, "we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.]

___

[3] Notice of entry of judgment was filed on January 8, 2016. For reasons not relevant to the issue on appeal, briefing before this court was not completed until April 2020.

4

If we find that an amendment could cure the defect, we conclude that the trial court has abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.]" (*Ibid.*)

Although our review is de novo, it remains the burden of the plaintiff/appellant "to show either that the demurrer was sustained erroneously or that the trial court's denial of leave to amend was an abuse of discretion." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) In the case before us, Eghtesad does not directly argue that the complaint he filed stated a cause of action or that the trial court erred in sustaining State Farm's demurrer: his argument on appeal is that the trial court should have granted him leave to amend his complaint. Accordingly, we address only the issue of leave to amend.

Eghtesad did not ask the trial court for leave to amend his complaint, but that does not prevent him from raising the issue for the first time on appeal. (§ 472c, subd. (a).) Ordinarily, an appellant who seeks leave to amend attempts to show that the trial court's denial of leave to amend was error by showing on appeal what facts could be pleaded to cure defects in the complaint and how they state a cause of action. (*Total Call International, Inc. v. Peerless Insurance Co.* (2010) 181 Cal.App.4th 161, 166.) But for an original complaint, regardless whether the plaintiff has requested leave to amend, it has long been the rule that a trial court's denial of leave to amend constitutes an abuse of discretion unless the complaint "shows on its face that it is incapable of amendment." (*King v. Mortimer* (1948) 83 Cal.App.2d 153, 158 (*King*); see also *Adkins v City & County of San Francisco* (1935) 8 Cal.App.2d 620, 621 [where it appeared that plaintiff attempted in good faith to state a cause of action and it was "not at all clear that plaintiff could not

have amended" to overcome the demurrer, it was error for the trial court to refuse to grant plaintiff at least one opportunity to amend].)

This long-standing rule remains valid. The current edition of a leading practical treatise explains, "[I]n the case of an *original* complaint, plaintiff need not even request leave to amend. 'Unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion, irrespective of whether leave to amend is requested or not.'" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 7:129, p. 7(I)-58 (Weil & Brown), quoting *McDonald v. Superior Court* (1986) 180 Cal.App.3d 297, 303-304 (*McDonald*).) And the California Judges Benchbook, Civil Proceedings Before Trial (CJER 2019) (Judges Benchbook), instructs, "Rarely should a judge sustain a demurrer to an *initial* complaint without granting leave to amend. *Cabral v. Soares* (2007) 157 [Cal.App.]4th 1234, 1240. Denial of leave to amend is appropriate only when it conclusively appears that there is no possibility of alleging facts under which recovery can be obtained. [*Ibid.*]" (Judges Benchbook, § 12.52, p. 1023.)[4]

---

[4] At oral argument, State Farm relied on a footnote in *Association of Community Organizations for Reform Now v. Department of Industrial Relations* (1995) 41 Cal.App.4th 298, 302, footnote 2 (*ACORN*), for the proposition that the rule stated in *King* applies only "where a complaint is good as against a general demurrer for failure to state a cause of action but is subject to a special demurrer for uncertainty or ambiguity in the pleading," and thus does not apply in cases like the one before us, where the complaint falls to both a general and special demurrer. We do not find this argument, which relies on dictum, convincing. First, our reading of *King* suggests that it announced and applied the rule in the context of a general demurrer. (*King, supra*, 83 Cal.App.2d at pp. 158-160.) The same is true of *McDonald*, which recites the same rule as *King* in the context of a general demurrer, and which is not mentioned in *ACORN*. (*McDonald, supra*, 180 Cal.App.3d at p.

This rule advances the policy goal of deciding cases on the merits and serves the interest of fairness. Our Supreme Court has observed that where "plaintiff has not had an opportunity to amend the complaint in response to the demurrer, leave to amend is liberally allowed as a matter of fairness, unless the complaint shows on its face that it is incapable of amendment." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747.) Our concerns about fairness are heightened in cases like Eghtesad's, where Eghtesad represented himself, informed the court he intended to oppose the demurrer to his original complaint, gave the court documentation of his injury, and received continuances amounting to less than six weeks to respond to State Farm's demurrer. And then a judgment of dismissal was entered against him.

B.    *Analysis*

Eghtesad argues that he can amend his complaint to allege causes of action against State Farm for breach of contract and fraud. He also argues that he "may" be able to amend the complaint to allege a cause of action

---

303; see also *Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1171, citing *McDonald, supra,* 180 Cal.App.3d at p. 304, in the context of a motion for judgment on the pleadings for the proposition that " '[l]iberality in permitting amendment is the rule . . . if a fair prior opportunity to correct the substantive defect has not been given' "].)

Further, *ACORN* bears no resemblance to our case. ACORN, an organization that advocated for low- and moderate-income people, contended that California's minimum wage laws were unconstitutional as applied to ACORN because they adversely impacted its ability to engage in political advocacy. (*ACORN, supra,* 41 Cal.App.4th at pp. 300-301.) The Court of Appeal in *ACORN* easily dispatched the as-applied constitutional challenge as a matter of law. (*Id.* at p. 300.) It is apparent that the facts alleged in *ACORN* were straightforward and effectively undisputable, and there was no possibility that ACORN could have alleged a constitutional claim. (*Id.* at pp. 300-301.)

7

against State Farm for bad faith arising from State Farm's denial of his claim, and to allege a cause of action against Martinez for slander. We consider his proposed causes of action in turn.

1. *Claims Against State Farm*

At a bare minimum Eghtesad alleged in his original complaint that State Farm issued a fire and liability insurance policy to his tenant; that Eghtesad was named on the policy as an additional insured; that Eghtesad sought coverage for property damage under the State Farm policy; and that State Farm told Eghtesad he was covered only for claims of slander. In reviewing the facts alleged or implied in the complaint, we see nothing to foreclose an attempt to plead a cause of action alleging that State Farm breached an insurance contract that covered the property Martinez leased from Eghtesad and which named Eghtesad as an additional insured. Nor does anything foreclose an attempt to plead that an authorized agent of State Farm misrepresented or concealed information about insurance coverage with the intent to induce Eghtesad to lease the property to Martinez, which Eghtesad then did, with the result that when the property was damaged Eghtesad had to bear the cost of repairs and loss of rent. And nothing in the original complaint forecloses an attempt to plead that State Farm acted in bad faith in denying a claim from Eghtesad for damage to the property leased to Martinez. (*King, supra*, 83 Cal.App.2d at p. 158.) The original complaint was not a model of clarity, and we express no opinion as to whether Eghtesad could ever prove his claims, but there is no reason in law or fairness to deny him an opportunity at least to amend the causes of action against State Farm. The trial court abused its discretion by not giving Eghtsesad that opportunity and instead entering a judgment of dismissal.

8

Not surprisingly, State Farm does not argue that the allegations in Eghtesad's original complaint in and of themselves would bar amendment to allege breach of contract, fraud, and bad faith. Instead, State Farm argues that Eghtesad bears the burden of demonstrating the existence of specific facts in the appellate record that, if alleged in an amended complaint, would state viable causes of action, and that Eghtesad failed to meet his burden because rather than arguing specific facts with support in the record, he relied upon vague assertions made for the first time in his appellate briefing.

We need not reach State Farm's argument because, as reflected in our discussion above, when confronted with an original complaint we focus not on what facts the plaintiff shows he can allege in an amended complaint, but rather on whether anything in the original complaint forecloses amendment. (*McDonald, supra*, 180 Cal.App.3d at p 304; *King, supra*, 83 Cal.App.2d at p. 158.)

In any event, an appellant may rely on statements made for the first time on appeal to show that there is a reasonable possibility that the complaint can be amended to state a cause of action. (*Dudley v. Department of Transportation* (2001) 90 Cal.App.4th 255, 260, 262 (*Dudley*).) In *Dudley*, for example, where the trial court granted a motion for judgment on the pleadings without leave to amend, the Court of Appeal reversed and directed the trial court to grant the motion with leave to amend (*id.* at p. 266), noting that even though the plaintiff did not allege a crucial fact in her complaint, she stated in her opening brief on appeal "that if given the opportunity to amend, she can allege that fact." (*Id.* at p. 262; see also *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038, 1041, 1043 [statements made by appellant at oral argument showed reasonable possibility that complaint can be cured by amendment].)

Accordingly, we shall direct the trial court to allow Eghtesad to amend his complaint to attempt to allege causes of action against State Farm for breach of contract, fraud, and bad faith.

2.    *Slander Claim Against Martinez*

In contrast to his argument as to State Farm, Eghtesad's argument for leave to amend to allege a cause of action for slander against Martinez is unpersuasive.  Eghtesad's original complaint mentions "slander" in two places.  He lists "(Defamation) Slandering my name," as one the causes of action that he will attach to the complaint, but no such cause of action is attached.  And in the context of alleging State Farm's breach of contract, he states that State Farm informed him that he had coverage only for slander.  But the complaint contains no allegations against Martinez, nor does it indicate that Eghtesad might have a claim against him for slander.

On appeal, Eghtesad asserts that he can make the following allegations in an amended complaint:  Martinez made statements about him to the manager of a Les Schwab Tire Center, and for that reason Les Schwab would not advertise in a business that Eghtesad started in early 2015.  He asserts that Les Schwab's refusal to advertise with his business "would itself comprise slanderous statements."[5]

State Farm, though not implicated in the proposed amendment as to Martinez, points out that Eghtesad never named Martinez as a defendant or

_____

[5] Eghtesad relies on Civil Code section 46, which defines slander as "a false and unprivileged publication, orally uttered, . . . which:  . . . [¶] 3. Tends directly to injure him in respect to his . . . trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with references to his . . . business that has a natural tendency to lessen its profits; [¶] . . . or [¶] 5. Which, by natural consequence, causes actual damage."

10

served him with the complaint and that Eghtesad does not explain how he could pursue claims against a new defendant so many years after the alleged misconduct, which apparently occurred in 2015 or earlier. The statute of limitations for an action for slander is one year. (§ 340, subd. (c).)

In his reply brief, Eghtesad states that he first learned of the alleged slander in 2015. Relying on *Smeltzley v. Nicholson Manufacturing Co.* (1977) 18 Cal.3d 932, 934, he suggests, but does not argue in any depth, that despite the passage of time, he can avoid the bar of the statute of limitations and amend his complaint to add a cause of action for slander against a new defendant under the relation-back doctrine, because he named Doe defendants as well as State Farm, and because the claim arises from the same general set of facts alleged in the original complaint.

We are not convinced. After the statute of limitations has run, the relation-back doctrine can save an amended complaint that identifies a fictitiously-named defendant and asserts a cause of action against that defendant only if: (1) the amended complaint is based on the same general state of facts as the original; (2) the original complaint stated a valid cause of action against the now-identified defendant; and (3) the plaintiff was "genuinely ignorant" of the defendant's identity or the facts rendering defendant liable when the original complaint was filed. (Weil & Brown, *supra,* ¶ 6:740, p. 6-200, citing *Austin v. Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600-601.)

To begin, we are not persuaded that the proposed cause of action arises from the same general set of facts. A liberal reading of the complaint indicates that it concerns damage to rental property and the failure of an insurer to cover the damage. Although the original complaint includes the

11

word "slander," there is nothing to suggest that the facts alleged in the original complaint concern slanderous statements.

But even if Eghtesad's proposed cause of action for slander arose from the same set of facts alleged in the original complaint, the relation-back doctrine would not apply to it under the second part of the three-part test outlined above. That is because Eghtesad's original complaint does not state a valid cause of action, or indeed any cause of action against Martinez. Eghtesad does not argue otherwise on appeal, and he does not contend that Martinez was or should be identified as a defendant in the previously-discussed causes of action for breach of contract, fraud, or bad faith.

We conclude that the original complaint forecloses an amendment to allege a cause of action against Martinez.

## DISPOSITION

The judgment of dismissal is reversed. The matter is remanded with instructions to vacate the order sustaining the demurrer without leave to amend and to enter a new order sustaining the demurrer with leave for Eghtesad to amend his complaint to allege, if he is able, causes of action against State Farm for breach of contract, fraud, and bad faith. The parties shall bear their own costs on appeal.

12

_____
Miller, J.

WE CONCUR:


_____
Kline, P.J.


_____
Richman, J.




A147481, *Eghtesad v. State Farm General Insurance Company*


13

Court:  Contra Costa County Superior Court

Trial Judge:  Hon. Jill Fannin

Law Offices of John T. Schreiber, John T. Schreiber, for Plaintiff and Appellant

Rogers Joseph O' Donnell, John G. Heller, Whitney R. Miner, for Defendant and Respondent

A147481, *Eghtesad v. State Farm General Insurance Company*