Filed 9/18/25  Kalu v. Okeani CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CHIOMA KALU, | B334198 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV26451) |
| v. | |
| ANTHONIA EJIMOLE OKEANI, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Robert Scott Shtofman for Plaintiff and Appellant.

Masserat Law Group and Sassan J. Masserat for Defendant and Respondent.

## INTRODUCTION

This case arises from a dispute between two former business partners, a doctor and nurse practitioner, over the profits earned by their medical corporation. Plaintiff and appellant Dr. Chimoa Kalu (Kalu) sued defendant and respondent Anthonia Ejimole Okeani (Okeani), a nurse practitioner, alleging Okeani stole the company's proceeds. Okeani brought a motion for judgment on the pleadings, arguing that Kalu's complaint failed to state a cause of action against her and that Kalu's claims were all barred by the applicable statutes of limitation. Rather than oppose Okeani's motion on its merits, Kalu responded by filing a motion for leave to amend her complaint. The trial court heard both motions together, denying Kalu's motion for leave to amend and granting Okeani's motion for judgment on the pleadings.

Kalu appeals both decisions. We affirm both. Kalu's attempt to amend her complaint was futile because the claims are time-barred and she did not allege facts that give rise to the delayed discovery rule. She also forfeited any challenge to the merits of Okeani's motion for judgment on the pleadings by failing to oppose the motion in the trial court.

## FACTUAL BACKGROUND

In 2012, Kalu and Okeani formed IAM Medical Corporation (IAM). Kalu owned 51 percent of the company and Okeani owned 49 percent. Kalu served as the company's medical director, but Okeani claims this was only a title and Kalu "did not maintain oversight and control of IAM, as required by law." According to Okeani, IAM was expressly created to illegally circumvent regulations prohibiting the unlicensed practice of medicine and Kalu was an absentee director who "allow[ed] her name and medical license to be used so [that IAM] would appear compliant with applicable laws and regulations."

2

Indeed, in 2018 the Medical Review Branch of the Department of Health Care Services (DHCS) investigated IAM and determined that Kalu was not providing the supervision and oversight required by a state law that prohibits the corporate practice of medicine. DHCS also determined that IAM's tax return for 2017 indicated that Okeani owned 100 percent of the company in violation of Corporations Code section 13401.5, which barred Okeani from owning more than 49 percent of IAM's shares. The state suspended IAM's National Provider Identifier, effectively eliminating IAM's ability to bill Medicare and insurance companies. As part of her appeal of that decision, Kalu submitted a shareholders' agreement, drafted in 2019, but backdated to 2014, that purported to show Okeani only owned 49 percent of IAM's shares in compliance with the Corporations Code. The suspension was upheld on appeal. On July 13, 2020, Kalu filed this case against Okeani.

## PROCEDURAL BACKGROUND

I.    *Complaint and Motion for Terminating Sanctions*

Kalu's operative complaint alleges 15 causes of action all premised on allegations that Okeani secretly diverted and retained Kalu's share of IAM's profits under the 2014 shareholders' agreement.

On August 2, 2022, Okeani filed a motion for sanctions under Code of Civil Procedure section 128.7[1] attacking the legitimacy of the 2014 shareholders' agreement. The central thrust of Okeani's motion was that the 2014 shareholders' agreement was fraudulent and unenforceable.

The trial court granted Okeani's motion and imposed both terminating sanctions and monetary sanctions against Kalu. The court found the 2014

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise specified.

shareholders' agreement was unenforceable and was fraudulently created in 2019 to mitigate the findings of the DHCS. The court ordered Kalu's complaint stricken and dismissed her case with prejudice.

On March 17, 2023, Kalu filed a motion for new trial, arguing that Okeani failed to comply with section 128.7's mandatory 21-day safe harbor provision. The trial court agreed and granted Kalu's motion for a new trial, reviving Kalu's case.

II. *Motion for Judgment on the Pleadings and Motion for Leave to Amend in Response*

Rather than re-file her motion for terminating sanctions under section 128.7, Okeani filed a motion for judgment on the pleadings. Okeani argued that each of Kalu's claims failed to state a cause of action and/or was barred by the applicable statute of limitations.

Kalu did not file an opposition to Okeani's motion for judgment on the pleadings. Instead, the day before the scheduled hearing, Kalu filed a motion for leave to file a first amended complaint (FAC). Kalu's motion attached a proposed FAC that removed any reference to the 2014 shareholders' agreement.[2] Instead of claiming she acquired 51 percent ownership through the shareholders' agreement, Kalu's proposed FAC claimed she acquired her stake in IAM through an express written agreement with Okeani sometime in 2012 or 2013. The proposed FAC also alleged that beginning in 2013,

---

[2] The proposed FAC ultimately alleged ten causes of action against Okeani arising from the same operative facts: breach of fiduciary duty, misappropriation of professional license, fraud, conversion, unjust enrichment, accounting, avoidance of fraudulent transfer, intentional infliction of emotional distress, negligent infliction of emotional distress, and declaratory relief.

4

Okeani held herself out as owning 100 percent of IAM and retained all of IAM's net profits. It alleged that Okeani refused to provide Kalu with IAM's federal or state tax returns or with information regarding IAM's net profits and losses. Finally, the proposed FAC invoked the delayed discovery rule to avoid a finding that Kalu's claims were time-barred.

Okeani opposed Kalu's motion, arguing that Kalu was dilatory in seeking her proposed amendment. Okeani also argued each cause of action in the proposed FAC was time-barred because the FAC was devoid of factual allegations showing the delayed discovery rule applied. Okeani argued that Kalu's proposed FAC did not plead any facts suggesting Kalu made a diligent investigation into the circumstances of her injury or that she could not have discovered the facts supporting her claims during the applicable limitations periods. According to Okeani, "the first time [Kalu] did not receive any money for her purported shares in IAM Corp., she was on inquiry notice at the very least."

Kalu did not file a reply in support of her motion for leave to amend or otherwise file written briefing responding to Okeani's arguments.

III. *Hearing and Ruling*

On August 9, 2023, the trial court heard both motions. Oral argument at the hearing focused primarily on whether the proposed FAC pled sufficient facts to satisfy the delayed discovery rule. The trial court questioned whether Kalu exercised reasonable diligence in investigating her claims against Okeani. The court suggested that Kalu should have suspected something was wrong the first time Okeani failed to turn over any profits for IAM: "If I make an investment in a company and I'm told and promised, 'Okay. This is going to make us some money,' and at the end of the year, I

haven't received a dime, you're saying that that doesn't put them on notice to do anything to say, 'Hey, what's going on?' They just sit and be still, and then five years, six years later, then you inquire, and then you learn that the whole time that you've been getting pillaged?"

When asked to identify the factual allegations in the proposed FAC explaining why Kalu could not discover Okeani's wrongdoing sooner, Kalu identified paragraphs 56, 67, 85, 105, and 125. We examine each of these paragraphs in further detail below.

After hearing, the trial court denied Kalu's motion for leave to amend and granted Okeani's motion for judgment on the pleadings. When Kalu's counsel asked the court to identify the basis for its ruling, the trial court stated, "Everything in the moving papers and the opposition to [Kalu's] motion for leave to amend."

The trial court issued a written order after the hearing noting, "Plaintiff has yet to file an opposition to [Okeani]'s motion. Thus, [Okeani]'s motion for judgment on the pleadings is GRANTED and the case should be dismissed."

On September 27, 2023, the trial court entered judgment in Okeani's favor on all of Kalu's causes of action. Kalu timely appealed. On appeal, Kalu argues the court erred in denying her motion for leave to amend. She also argues the trial court erred in granting Okeani's motion for judgment on the pleadings on the merits and in granting the motion without providing her leave to amend.

**DISCUSSION**

I. *Motion for Leave to Amend*

    A. *Legal Standards*

6

"We review the denial of a motion for leave to amend for abuse of discretion." (*Foroudi v. The Aerospace Corp.* (2020) 57 Cal.App.5th 992, 1000.) "'A trial court has wide discretion to allow the amendment of pleadings, and generally courts will liberally allow amendments at any stage of the proceeding.'" (*Ventura Coastal, LLC v. Occupational Safety & Health Appeals Bd.* (2020) 58 Cal.App.5th 1, 32; see Code Civ. Proc., § 473, subd. (a)(1).) "But this policy applies "'only '[w]here no prejudice is shown to the adverse party.'"'" (*Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 175.)

Further, "leave to amend should *not* be granted where, in all probability, amendment would be futile." (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685; *Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1124.) Similarly, "'a long deferred presentation of the proposed amendment without a showing of excuse for the delay'" may provide "'a valid reason for denial.'" (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613; *Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1097.)

### B.    *No Abuse of Discretion in Denying Kalu's Motion*
#### 1.    *Delayed Discovery Rule*

On appeal, there appears to be no dispute that the claims in the proposed FAC are time-barred absent the application of the delayed discovery rule. The trial court denied Kalu's motion for leave to amend on futility grounds because Kalu did not plead facts triggering the application of the delayed discovery rule.

"'The discovery rule . . . presumes that a plaintiff has knowledge of injury on the date of injury. In order to rebut the presumption, a plaintiff

7

must plead facts sufficient to convince the trial judge that delayed discovery was justified.'" (*William L. Lyon & Associates, Inc. v. Superior Court* (2012) 204 Cal.App.4th 1294, 1310.)  To carry this burden, a plaintiff "'must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.]  In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand [a motion for judgment on the pleadings].'" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808 (*Fox*).)  "This pleading requirement is a procedural safeguard against lengthy litigation on the issue of accrual." (*Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1150–1151.)

Inquiry notice exists where "the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." (*Fox, supra,* 35 Cal.4th at p. 807.)  "'A plaintiff need not be aware of the specific "facts" necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights.  So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.' [Citation.]" (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 685; *Genisman v. Carley* (2018) 29 Cal.App.5th 45, 51 [the statute of limitations begins running "Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue"].)

Applying these principles, we conclude the trial court did not err in denying Kalu's motion for leave to amend.  To avail herself of the delayed discovery rule, Kalu had to allege both (1) the time and manner of her

8

discovery of Okeani's wrongdoing, and (2) specific facts showing why she could not have uncovered this purported wrongdoing despite reasonable diligence. (*Fox, supra*, 35 Cal.4th at p. 808.) Kalu's proposed FAC satisfied only the first prong of this two-part test.

The proposed FAC contains allegations stating that Kalu became aware of Okeani's wrongdoing in 2019. There are, however, no factual allegations showing that Kalu could not have discovered this wrongdoing earlier through the exercise of reasonable diligence. At the hearing on her motion, Kalu claimed she pled such facts in paragraphs 56, 67, 85, 105, and 125 of the proposed FAC. We disagree. Paragraphs 56, 67, 85, and 105 state that Kalu "discovered" or otherwise became aware of Okeani's malfeasance "Circa April 18, 2019 and/or thereafter." None of these paragraphs pleads facts showing Kalu could not have discovered this wrongdoing earlier through the exercise of reasonable diligence.

Paragraph 125 of the proposed FAC contains no factual allegations at all and instead simply states, "For the reasons stated in Paragraphs 120 through 124 of this Complaint, this cause of action entitled 'Unjust Enrichment' [*sic*] is timely filed within California's Statute of Limitations." But paragraphs 120 through 124 of the proposed FAC are also devoid of factual allegations showing Kalu could not have discovered Okeani's wrongdoing earlier if she was diligent in investigating her claims. Paragraph 120 simply states that IAM received notice of certain findings made by the DHCS in April 2019. Paragraph 121 simply states that Kalu "discovered" certain wrongdoing "[i]n May of 2019 and/or thereafter." Paragraph 122 alleges that Okeani "unjustly enriched herself by stealing patients and/or prospective patients of [IAM], and keeping for herself the medical fees that would have been paid to [IAM]." Paragraph 123 is a quotation from *William*

9

*L. Lyon & Associates, Inc. v. Superior Court, supra,* 204 Cal.App.4th 1294 setting out the legal definition of the discovery rule. Paragraph 124 states that under "Emergency Rule 9 of the Emergency Rules Related to COVID-19," the statutes of limitation were tolled from April 6, 2020, to October 1, 2020, "for civil causes of action that exceed 180 days."

Simply put, none of the paragraphs identified by Kalu contain the factual allegations that are necessary to trigger the delayed discovery rule. In the absence of such factual allegations, the trial court did not abuse its discretion in denying Kalu's motion for leave to amend on futility grounds.[3]

### 2. *Basis for Denial*

Kalu claims the trial court had a legal obligation to either "grant [her] leave to amend the complaint, or to make a finding that the complaint on its

---

[3] At oral argument, Kalu's counsel suggested the proposed FAC was not futile because it contained allegations of wrongdoing by Okeani that occurred within the applicable limitations period. While never stated expressly, it appears Kalu is attempting to invoke the continuous accrual doctrine. "[U]nder the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1192.) The application of the doctrine turns on the nature of the defendant's obligations and wrongdoing. (*Id.* at pp. 1200–1202.) Kalu forfeited this line of argument by not raising it below or sufficiently developing it on appeal. Kalu made no attempt to invoke the doctrine below, either in written briefing or at the hearing on her motion to amend. Similarly, Kalu's briefing on appeal does not mention the doctrine or undertake any analysis of relevant caselaw and allegations of her proposed FAC to show that the doctrine applies. "When points are perfunctorily raised without adequate analysis and authority, we may treat them as abandoned or forfeited." (*City of Palo Alto v. Public Employment Relations Bd.* (2016) 5 Cal.App.5th 1271, 1302.)

face is incapable of amendment, or to provide some other rational reason why the court denied leave to amend."

Kalu's argument fails on both the facts and the law. First, the trial court did supply a rationale for its denial of the motion to amend, namely that the claims asserted in the proposed FAC were time-barred because Kalu did not sufficiently allege facts triggering the delayed discovery rule.

During exchanges with Kalu's counsel during oral argument, the trial court repeatedly stated Kalu could not take advantage of the delayed discovery rule because she was on inquiry notice of Okeani's purported wrongdoing in 2014. At the conclusion of the hearing, the trial court expressly stated it was denying Kalu's motion for leave to amend for the reasons set forth in Okeani's opposition.

Kalu's argument also fails as a matter of law. Kalu does not provide any authority suggesting the trial court was required to provide a statement of reasons or make findings on the record in denying her motion for leave to amend. "The general rule is that a trial court need not issue a statement of decision after a ruling on a motion." (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148.) Where a statement of decision is not required, we will not presume error from a silent record. Instead, an "'order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order"].)

11

Kalu's reliance on *Johnson v. County of Los Angeles* (1983) 143 Cal.App.3d 298, *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, and *McDonald v. Superior Court* (1986) 180 Cal.App.3d 297 is misplaced. Nothing in these cases suggests or implies that a trial court has an obligation to state findings on the record when denying a motion for leave to amend. Nor did any of these cases turn on whether the trial court made findings on the record.

II.     *Motion for Judgment on the Pleadings*

"'A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law.'" (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.) The trial court may grant judgment on the pleadings when the complaint fails to allege facts sufficient to state a cause of action. (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).) In evaluating the propriety of judgment on the pleadings, our review is de novo. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.)

A.     *Forfeiture*

Okeani argues Kalu has forfeited any claim of error on the merits of the motion for judgment on the pleadings as she failed to file an opposition to the motion below. We agree.

The bulk of Kalu's argument on appeal is devoted to contesting the merits of Okeani's motion for judgment on the pleadings by arguing that some of the causes of action asserted in her operative complaint sufficiently stated a claim against Okeani. Kalu did not file any briefing below that

raised these arguments. "It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal." (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117; accord *Bocanegra v. Jakubowski* (2015) 241 Cal.App.4th 848, 857 ["""a party is not permitted to change its position on appeal and raise new issues not presented in the trial court"""].)

Moreover, the record is clear that Kalu did not file any opposition to Okeani's motion and instead attempted to render Okeani's motion moot by filing an amended pleading. A party forfeits appellate review of the granting of a motion by failing to oppose the motion in the trial court. (See, e.g., *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483, fn. 7 ["Because Daneshrad did not file any opposition to the motions and no reporter's transcript was provided on appeal, we conclude Daneshrad has [forfeited] all arguments against the motions"]; *Bell v. America Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602 ["Having failed to effectively oppose Ticor's motion in the trial court, appellants have thus [forfeited] any objections to the resulting order"]; *Herzberg v. County of Plumas* (2005) 133 Cal.App.4th 1, 20 [plaintiffs forfeited claim of error by failing to oppose defendant's demurrer below or brief issue on appeal] (*Herzberg*); accord *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 367 ["the failure to oppose a motion that is duly noticed and brought on for hearing in the action makes the motion itself an uncontested proceeding"]; Cal. Rules of Court, rule 8.54(c) ["A failure to oppose a motion may be deemed a consent to the granting of the motion"].)

Kalu's attempt to avoid this result is unavailing. She argues that she did, in fact, file an opposition to Okeani's motion because the trial court began the August 9, 2023, hearing by stating, "We have two motions on

13

calendar. We have a motion for leave to amend and a motion for judgment on the pleadings. [¶] It seems to me that the logical move is to deal with the motion for leave to amend first to the extent that should be treated as the motion—the opposition to the motion for judgment on the pleadings." That off-the-cuff characterization of Kalu's motion for leave to amend is not dispositive and does not establish that Kalu filed an opposition responding to the merits of Okeani's motion. Kalu did not file any document in the trial court purporting to be an opposition to Okeani's motion for judgment on the pleadings.

Kalu's only argument against forfeiture is an attempt to distinguish the *Herzberg* case cited by Okeani. In *Herzberg*, our colleagues in the Third District held that the appellant had forfeited a line of argument by failing to raise it below or brief it on appeal. (*Herzberg, supra*, 133 Cal.App.4th at p. 20.) Kalu argues she cannot be deemed to have similarly forfeited her arguments because she raises them in her opening appellate brief. We disagree. While Kalu is correct that she contests the merits of Okeani's motion in her opening brief on appeal, this does not save her from a finding of forfeiture based on her failure to oppose Okeani's motion or otherwise raise these arguments below in the trial court.

As Kalu has forfeited her claim of error in granting the motion for judgment on the pleadings, we need not determine whether Kalu's operative complaint sufficiently stated a cause of action against Okeani and decline to reach this issue for the first time on appeal. (*JRS Products, Inc. v. Matsushita Elec. Corp. of America* (2004) 115 Cal.App.4th 168, 178 ["Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. . . . Bait and switch on appeal not only

14

subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier"].)

B.     *The Trial Court did not Err in Granting Okeani's Motion without Leave to Amend*

While Kalu has forfeited her arguments as to the underlying merits of Okeani's motion for judgement on the pleadings, she has not forfeited the question of whether the trial court erred in granting Okeani's motion without leave to amend.  "[W]hen a judgment on the pleadings is sustained without leave to amend, an appellant may argue for the first time on appeal the complaint may be amended to state a valid cause of action."  (*Shields v. Hennessy Industries, Inc.* (2012) 205 Cal.App.4th 782, 786.)

We review the trial court's denial of leave to amend for abuse of discretion.  (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.)  On "'a motion for judgment on the pleadings, leave to amend should be granted if there is any reasonable possibility that the plaintiff can state a good cause of action.'"  (*Gami v. Mullikin Medical Center* (1993) 18 Cal.App.4th 870, 876.)  It is Kalu's "burden to show 'that the trial court abused its discretion' and 'show in what manner [she] can amend [her] complaint and how that amendment will change the legal effect of his pleading' [citation]."  (*Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659, 668.)

As set forth above, the trial court did not abuse its discretion in denying Kalu's motion for leave to amend because her proposed FAC did not allege facts showing the delayed discovery rule applied to her case.  The same is true with respect to Okeani's motion for judgment on the pleadings.  Kalu's

15

opening brief on appeal does not identify how she could amend the complaint or how that amendment would change the legal effect of her pleading. For the first time in her reply brief, Kalu claims she could amend her complaint to state in cursory fashion that she "had no reason to know" of Okeani's wrongdoing earlier.

Kalu's argument fails for two reasons. First, principles of fairness generally preclude us from considering arguments raised for the first time in a reply brief. (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 276 ["Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue"].) Second, Kalu's argument fails on its merits as this proposed amendment is deficient for the same reasons as her proposed FAC. As discussed above, to satisfy the delayed discovery rule, it is not enough for Kalu to state in conclusory fashion that she "had no reason to know" of Okeani's wrongdoing before 2019. Instead, she must plead specific facts showing why she could not have uncovered Okeani's wrongdoing with reasonable diligence.

On appeal, Kalu does not identify any facts she can allege which would show she could not have discovered this information earlier with reasonable diligence. In the absence of such a showing, we find no abuse of discretion by the trial court in granting Okeani's motion for judgment on the pleadings without leave to amend.

//

//

//

//

16

## DISPOSITION

The trial court's order granting Okeani's motion for judgment on the pleadings and denying Kalu's motion for leave to amend is affirmed. Okeani is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


VAN ROOYEN, J.*

We concur:


MORI, Acting P. J.


TAMZARIAN, J.

---

*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.